[No. G015476. Fourth Dist., Div. Three. Oct. 12, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
DONATO PENA MEZA et al., Defendants and Appellants.

1742

**COUNSEL**

Kenneth R. Elliott and William A. Elliott for Defendants and Appellants.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Holly D. Wilkens and Rhonda Cartwright-Ladendorf Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

RYLAARSDAM, J.—Apprehended in a car containing over 32 kilograms of cocaine, Donato Pena Meza and Rosario Molina Labrada were convicted of possessing cocaine for sale (Health & Saf. Code, § 11351, subd. (a); all statutory references are to the Health and Safety Code unless otherwise specified) and transporting cocaine (§ 11352, subd. (a)). The jury also found true an allegation the cocaine weighed over 20 kilograms (§ 11370.4, subd. (a)). Meza challenges the sufficiency of the evidence supporting his conviction on the substantive charges. Both defendants contend the trial court was obligated to instruct the jury that it could not find the enhancement true unless they knew the quantity of cocaine exceeded 20 kilograms. Alternatively, they claim their trial attorneys were incompetent by failing to request such an instruction. Finally, both defendants contend the trial court erred in determining their presentence credits.

FACTS

Police officers conducted a narcotics surveillance of a house. Around 10:15 a.m., an unidentified individual left the rear of the residence and drove away in a pickup truck. The vehicle was registered to Labrada at that residence.

About noon, another man left the house and approached a Mercury Marquis bearing Arizona license plates parked in the backyard. The man removed what appeared to be two packages of cocaine and another gray

object from the Marquis's trunk and placed them in the trunk of another car. Several other men approached the rear of the Marquis and, while standing in a semicircle, looked inside the trunk. Some of the men reached into the trunk, but it could not be determined what they were doing. One man crawled underneath the rear of the Marquis and did something in the area of the gas tank.

At 5:25 p.m. the pickup reappeared approaching the house. Labrada was driving the truck, and Meza was riding as a passenger. They parked on a cross street some distance from the house even though there were nearby spaces available. Defendants got out of the truck and looked around in all directions. They walked northbound, went down an alley and entered the house from the rear. Two minutes later, defendants left the house, entered the Marquis and drove away, again with Labrada driving and Meza riding as a passenger.

The police stopped the Marquis, and Labrada consented to a search of it. Inside a hidden trunk compartment, police officers found two kilograms of cocaine. The police also discovered the gas tank was equipped with a trap door concealing a compartment containing over 32 kilograms of cocaine worth almost $3 million on the street.

## DISCUSSION

### I. *Sufficiency of the Evidence*

Meza contends the evidence fails to support his conviction for possessing and transporting cocaine for sale, arguing there is no evidence tying him to the residence or the Marquis until he appeared with Labrada and rode as a passenger in the car. We disagree.

"In assessing a sufficiency-of-evidence argument on appeal, we review the entire record in the light most favorable to the prevailing party to determine whether it shows evidence that is reasonable, credible and of solid value from which a rational trier of fact could find the defendant guilty beyond a reasonable doubt." (*People* v. *Wader* (1993) 5 Cal.4th 610, 640 [20 Cal.Rptr.2d 788, 854 P.2d 80]; see also *People* v. *Johnson* (1980) 26 Cal.3d 557, 562, 576-577 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) The same standard applies to a conviction based primarily on circumstantial evidence. (*People* v. *Ceja* (1993) 4 Cal.4th 1134, 1138 [17 Cal.Rptr.2d 375, 847 P.2d 55]; *People* v. *Towler* (1982) 31 Cal.3d 105, 118 [181 Cal.Rptr. 391, 641 P.2d 1253].)

Unlawful possession of a controlled substance for sale requires proof the defendant possessed the contraband with the intent of selling it and with

knowledge of both its presence and illegal character. (*People* v. *Eckstrom* (1986) 187 Cal.App.3d 323, 330-331 [231 Cal.Rptr. 664].) Transportation of a controlled substance is established by carrying or conveying a usable quantity of a controlled substance with knowledge of its presence and illegal character. (*People* v. *Rogers* (1971) 5 Cal.3d 129, 133-134, 137 [95 Cal.Rptr. 601, 486 P.2d 129]; *People* v. *Cortez* (1985) 166 Cal.App.3d 994, 998-999 [212 Cal.Rptr. 692]; Use Note to CALJIC No. 12.02.) The crimes can be established by circumstantial evidence and any reasonable inferences drawn from that evidence. (*People* v. *White* (1969) 71 Cal.2d 80, 83 [75 Cal.Rptr. 208, 450 P.2d 600]; *People* v. *Eckstrom*, *supra*, 187 Cal.App.3d at p. 331.)

■ This case involves more than mere guilt by association. Labrada brought Meza to the residence when he was about to make a drug delivery. He parked the pickup some distance away, and both looked around in all directions before going to the residence. An expert described their actions as countersurveillance activity commonly employed by drug traffickers. After a very short stay at the residence the defendants left, only this time driving the Marquis, a vehicle containing over 70 pounds of cocaine, and with which neither defendant had any apparent connection. Expert testimony established the car had been modified for use as a "load" vehicle so it could transport drugs. The cocaine was loaded in the car in such a manner that it would require some effort to remove, thereby suggesting a need for someone to accompany the driver when making a delivery. It is unlikely the residence's other occupants, who knew what was in the car, would allow someone not involved in drug trafficking to ride in a vehicle delivering cocaine worth $3 million. Thus, it is inferable Meza went along to assist Labrada.

The cases Meza relies on are inapposite. In *People* v. *Johnson* (1984) 158 Cal.App.3d 850 [204 Cal.Rptr. 877], the court held there was insufficient evidence to establish defendant exercised dominion and control over the drugs where he was one of nine persons found in a house during a police search and nothing indicated he was the owner, lived there, had sold drugs there or had exclusive access to the contraband. (*Id.* at pp. 854-855.) In *People* v. *Garcia* (1962) 201 Cal.App.2d 589 [20 Cal.Rptr. 242], the defendant was tied to a heroin sale by a participant's extrajudicial statement admitted under the coconspirator exception. The Court of Appeal reversed, holding there was insufficient evidence a conspiracy existed thereby rendering the participant's statement inadmissible. (*Id.* at pp. 593-594.)

Meza also relies on *United States* v. *Penagos* (9th Cir. 1987) 823 F.2d 346. There the defendant was convicted of conspiracy to possess narcotics with intent to distribute and possession of narcotics. The Ninth Circuit reversed, concluding defendant's acts of looking around while others loaded cocaine

into cars and riding as a passenger on one delivery were "perfectly consistent with that of an innocent person having no stake or interest in drug transactions." (*Id.* at p. 349.) Regardless of the merits of this analysis under federal law, it is contrary to California law. ■ Where the circumstances support the trier of fact's finding of guilt, an appellate court cannot reverse merely because it believes the evidence is reasonably reconciled with the defendant's innocence. (*People* v. *Towler*, *supra*, 31 Cal.3d at p. 118; *People* v. *Redrick* (1961) 55 Cal.2d 282, 289 [10 Cal.Rptr. 823, 359 P.2d 255].)

We conclude the evidence supports Meza's conviction on both counts.

## II. *The Weight Enhancement Allegation*

Section 11370.4, subdivision (a)(4) mandates a 15-year enhancement where a defendant is "convicted of a violation of . . . Section 11351 . . . or 11352 with respect to a substance containing . . . cocaine" if "the substance exceeds 20 kilograms by weight . . . ." The trial court properly instructed the jury on the knowledge and intent elements for the substantive charges and gave the following enhancement instruction: "It is alleged in counts one and two that at the time of the commission of the crimes of which the defendant is accused, he possessed for sale, transported a substance containing cocaine which exceeded 20 kilograms by weight. [¶] If you find the defendant guilty of the crime charged in counts one and/or two, you must determine whether this allegation is true. [¶] The People have the burden of proving the truth of this allegation. If you have a reasonable doubt that it is true, you must find it to be not true."

■ Noting the enhancement dramatically increased their sentences, defendants claim the trial court had a sua sponte obligation to instruct the jury that it could not return a true finding on the enhancement unless it believed the defendants knew the cocaine exceeded 20 kilograms. Alternatively, defendants claim their trial attorneys were incompetent because the attorneys failed to request such an instruction. We reject both claims.

The issue of whether a court must instruct on knowledge under section 11370.4 was presented in *People* v. *Price* (1989) 210 Cal.App.3d 1183 [259 Cal.Rptr. 282]. Price was convicted of transporting cocaine, possessing cocaine for sale and conspiring to commit these crimes as an aider and abettor. The jury also found true an allegation the cocaine exceeded 10 pounds under a prior version of section 11370.4 which imposed weight enhancements measured in pounds rather than kilograms. (See Stats. 1992, ch. 680, § 1.) Price argued the trial court was obligated to instruct the jury it could not find the enhancement allegation true unless it found he either

actually knew the quantity of cocaine or specifically intended to possess the quantity involved. (210 Cal.App.3d at p. 1192.) We rejected this argument. "[S]ection 11370.4 . . . requires only a conviction under section 11351 or 11352, among others. Then, where 'the substance exceeds 10 pounds,' the enhancement is imposed. No special intent or knowledge is required under the statute . . . ." (210 Cal.App.3d at pp. 1193-1194.)

Labrada suggests the absence of a knowledge requirement as to the weight enhancement raises due process concerns. Not so. Federal courts have upheld enhanced penalties for distributing drugs within 1,000 feet of a school (*United States* v. *Pitts* (9th Cir. 1990) 908 F.2d. 458, 461; *United States* v. *Falu* (2d Cir. 1985) 776 F.2d 46, 49-50; see also Annot. (1992) 108 A.L.R.Fed. 783, 791-798, § 3 and cases cited therein) and possessing drugs with the intent to distribute which exceed certain weight limits (*United States* v. *Klein* (9th Cir. 1988) 860 F.2d 1489, 1494-1495; *United States* v. *Normandeau* (9th Cir. 1986) 800 F.2d 953, 955-956) without proof of a knowledge requirement. As *Falu* noted, "This construction of [the enhancement statute] does not criminalize otherwise innocent activity, since the statute incorporates [the underlying crime] which already contains a mens rea requirement . . . . In this respect, the . . . statute resembles other . . . criminal laws, which provide enhanced penalties . . . for obviously antisocial conduct upon proof of a fact of which the defendant need not be aware." (*United States* v. *Falu, supra,* 776 F.2d at p. 50.)

The same is true where, as here, defendants were convicted of knowingly and intentionally possessing for sale and transporting a large quantity of cocaine as part of a sophisticated drug trafficking operation. "Through their involvement in the illegal transaction, defendants assumed the risk of enhanced penalties if the government could show" their crimes involved more than 20 kilograms of cocaine. (*United States* v. *Normandeau, supra,* 800 F.2d at p. 956.)

In *Price* we suggested there may be "circumstances which might require a clarifying instruction" on the scope of a defendant's knowledge or intent concerning the quantity of a controlled substance. (*People* v. *Price, supra,* 210 Cal.App.3d at p. 1194.) Seizing on this language, defendants alternatively contend their trial attorneys were incompetent by not requesting a clarifying instruction. Upon reconsideration, we conclude the foregoing dictum was wrong, and to the extent *Price* seems to require clarification instructions on quantity enhancements, it is overruled. As *Price* recognized, and as we reaffirm here, defendants who knowingly possess controlled substances are strictly liable for any weight enhancement regardless of their knowledge of the quantity. Since attorneys are never obliged to request

instructions on erroneous statements of law, defendants' ineffective assistance of counsel claim is without merit.

### III. *Presentence Credits*

The trial court awarded defendants 118 days in local conduct credits based on calculations provided by Meza's trial counsel. Defendants now contend the trial court erroneously calculated their presentence credits, claiming they are each entitled to 168 days under Penal Code section 4019.

In *People* v. *Fares* (1993) 16 Cal.App.4th 954 [20 Cal.Rptr.2d 314], the court held the best remedy for any alleged error in calculating custody credits is to bring the matter to the trial court's attention. "We therefore urge counsel presented with apparent error in the calculation of presentence custody credits to attempt correction in the trial court before elevating the issue to the stature of formal appeal." (*Id.* at p. 960; see also *People* v. *Culpepper* (1994) 24 Cal.App.4th 1134, 1138-1139 [29 Cal.Rptr.2d 719].) Except in cases where the Attorney General concedes the trial court committed a mathematical error, we agree with this assessment. Here there is no such concession. Thus, if defendants still wish to contest this issue they should take the matter up with the trial court.

The judgments are affirmed.

Sonenshine, Acting P. J., and Crosby, J., concurred.