**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rodney Keith FRYE, Defendant–
Appellant.**

No. 00–50290.

D.C. No. CR–99–02901–HBT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2001.

Decided March 22, 2001.

Before KOZINSKI and TALLMAN,
Circuit Judges, and WINMILL, District
Judge.*

**ORDER**

We vacate submission of Frye's *Apprendi* claims pending this court's disposition in *United States v. Buckland,* No. 99–30285.

**MEMORANDUM** \*\*

■ Frye does not dispute that his prior conviction for assault with a deadly weapon is a crime of violence. And his prior conviction for possessing marijuana for sale in violation of California Health and Safety Code § 11359 qualifies categorically as a controlled substance offense, which is defined in relevant part as "an offense under ... state law ... that prohibits ... the possession of a controlled substance ... with intent to .... distribute[ ] or dispense." U.S.S.G. § 4B1.2(b); *see also People v.. Meza,* 38 Cal.App.4th 1741, 1745–46, 45 Cal.Rptr.2d 844 (Cal.Ct.

* The Honorable B. Lynn Winmill, United States Chief District Judge for the District of Idaho, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

App.1995) ("Unlawful possession of a controlled substance for sale requires proof the defendant possessed the contraband with the intent of selling it and with knowledge of both its presence and illegal character."). He was thus properly sentenced as a career offender under U.S.S.G. § 4B1.1.

■ Frye also contends that 18 U.S.C. § 3583(b)(2) sets the maximum term of supervised re ease to which he can be sentenced at three years, even though 21 U.S.C. § 841(b)(1)(C) provides for "a term of supervised release of *at least 3 years.*" *Id.* (emphasis added). And, even though we have explicitly held that section 841(b) trumps section 3583(b) where the section 841(b) minimum is identical to the section 3583(b) maximum, *see United States v. Garcia,* 112 F.3d 395, 398 (9th Cir.1997), the government concedes that Frye is subject to a maximum three-year term of supervised release.

We therefore REVERSE the district court's sentencing of Frye to a five-year term of supervised release and REMAND for the limited purpose of modifying Frye's supervised release term. We AFFIRM the district court's sentencing of Frye as a career offender.[1]

---

1. We vacate submission of Frye's *Apprendi* claims in an order filed concurrently with this disposition.