[No. B238632. Second Dist., Div. Six. Feb. 26, 2013.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSHUA CHAVARRIA, Defendant and Appellant.

## COUNSEL

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy Public Defender, and Cynthia Ellington, Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II and Mark E. Weber, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PERREN, J.**—A police informant in Ventura County negotiates by phone with a drug dealer in Los Angeles County for the purchase of heroin. The drugs are delivered in Los Angeles County by an accomplice who did not take part in the phone negotiations. We conclude that Ventura County is a proper venue for the accomplice's prosecution.

Joshua Chavarria appeals the judgment entered after a court trial in which he was found guilty of selling heroin and possessing the drug for sale (Health & Saf. Code, §§ 11351, 11352, subd. (a)). The court also found true the allegation that the heroin weighed 14.25 grams or more (Health & Saf. Code, § 11352.5, subd. (1); Pen. Code, § 1203.07, subd. (a)(1)).[1] Appellant contends the judgment must be reversed for improper venue. We affirm.

---

[1] All further undesignated statutory references are to the Penal Code.

## FACTS AND PROCEDURAL HISTORY

Appellant filed three separate motions to dismiss the charges against him on the ground of improper venue. The first motion challenged the felony complaint charging him with one count of selling, transporting, or offering to sell heroin. The relevant facts are derived from the hearing on that motion, which was heard in conjunction with the preliminary hearing.

In January 2010, Ventura County Sheriff's Office Detective Victor Fazio was investigating "Rudy," a Los Angeles-based enterprise that was known to be selling heroin to residents of Ventura County. "Rudy" operated similarly to a delivery service: A prospective buyer would place a phone call to a "dispatcher" in Los Angeles County, who would negotiate the purchase and arrange for the drugs to be "delivered" to the buyer at a specified location within that county.

Detective Fazio met in Thousand Oaks with an informant who resided in Ventura County. In the detective's presence, the informant made three phone calls to "Rudy" and negotiated to buy 11 grams of heroin for $600. All three calls were made on a cell phone with an 805 area code number.[2]

During one of the calls, the informant was told the sale would take place at the intersection of Woodman Avenue and Riverside Drive in the Van Nuys/Sherman Oaks area of Los Angeles County. Detective Fazio and several colleagues followed the informant to the location, where they watched and listened while appellant sold heroin to him. Prior to the sale, Detective Fazio overheard appellant make a cell phone call in which he asked whether he was supposed to sell 11 grams for the price of 10. After the sale was completed, appellant was arrested and found to be in possession of 10 or 11 additional bindles of heroin. A search of appellant's phone revealed that the call he made prior to the sale was to the same number the informant had called to initiate the transaction.

At the conclusion of the preliminary hearing, the court denied appellant's motion to dismiss for improper venue and found sufficient evidence to hold him to answer on the charged count. An information was filed charging

---

[2] We take judicial notice of the facts that (1) the city of Thousand Oaks is in Ventura County and (2) 805 is the area code that includes Ventura County. (Evid. Code, § 452, subd. (h); *People v. Posey* (2004) 32 Cal.4th 193, 215, fn. 9 [8 Cal.Rptr.3d 551, 82 P.3d 755] (*Posey*).) Detective Fazio testified that the informant also made another call from an unspecified location in Los Angeles County. The detective did not state, however, whether he was present for that call.

appellant with one count of possessing heroin for sale with the allegation that the heroin weighed at least 14.25 grams. Appellant then moved to dismiss the information under section 995 on the ground of improper venue. The court denied the motion based on the evidence introduced at the preliminary hearing.

Following several continuances, appellant filed a self-styled "Specific Objection to Venue." In his supporting papers, he made an "offer of proof" based exclusively on evidence in the preliminary hearing transcript. At the hearing on the motion, appellant contended the court could not base its ruling on evidence in the preliminary hearing transcript because that evidence was inadmissible hearsay and its admission would violate his constitutional confrontation rights. After the motion was denied, appellant petitioned this court for a writ of mandate or prohibition. We denied the petition, and the Supreme Court denied appellant's petition for review.

Appellant waived his right to a jury trial and stipulated to a bench trial. He also stipulated that the court could base its verdict on the preliminary hearing transcript and a stipulation regarding the substances seized from appellant. The court found appellant guilty on both counts, found the special allegation to be true, and sentenced him to a total term of three years in county jail. This appeal followed.

## DISCUSSION

Appellant launches a twofold attack on the trial court's finding that Ventura County is a proper venue for appellant's prosecution. He first asserts that his third motion to dismiss, which he labeled a "Specific Objection to Venue," should have been granted "[b]ecause the prosecution presented no admissible evidence on the issue." He alternatively contends the action should have been dismissed on the ground of improper venue because "a phone call placed by law enforcement [cannot] constitute 'a preparatory act' within the meaning of Penal Code section 781 . . . ." Neither claim is persuasive.

■ Appellant's first assertion is based on the erroneous premise that the court could not rely on the preliminary hearing transcript in ruling on his third motion to dismiss because the testimony offered at that hearing was inadmissible hearsay. According to appellant, the court was compelled to relitigate the venue issue by holding an evidentiary hearing because vicinage[3] is a right guaranteed by the state and federal Constitutions. Appellant fails to

---

[3] Vicinage is the term used to describe the right of drawing a jury from the locality in which a crime was committed. (*People v. Guzman* (1988) 45 Cal.3d 915, 934 [248 Cal.Rptr. 467, 755 P.2d 917], overruled on other grounds in *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069, fn. 13 [108 Cal.Rptr.2d 409, 25 P.3d 618] (*Price*).)

appreciate, however, that he stipulated to a court trial in which the verdict was to be based on the preliminary hearing transcript. Implicit in the court's verdict is a legal finding that venue was proper. Moreover, the cases appellant relies on for the proposition that vicinage is an essential feature of the federal constitutional right to a jury trial have been overruled on that point. (E.g., *Hernandez v. Municipal Court* (1989) 49 Cal.3d 713, 721 [263 Cal.Rptr. 513, 781 P.2d 547], overruled in *Price, supra*, 25 Cal.4th at p. 1069, fn. 13.) The right to a trial by the vicinage under the California Constitution "constitutes simply the right of an accused to a trial by an impartial jury drawn from a place bearing some reasonable relationship to the crime in question [citation]." (*Posey, supra*, 32 Cal.4th at pp. 222–223.) That right is effectively vindicated upon a showing of proper venue. (*Id.* at p. 223.)

Moreover, such a showing was made here. "Venue is a question of law that is governed by statute. [Citation.]" (*People v. Thomas* (2012) 53 Cal.4th 1276, 1282 [140 Cal.Rptr.3d 184, 274 P.3d 1170] (*Thomas*).) Section 777 provides that "except as otherwise provided by law the jurisdiction of every public offense is in any competent court within the jurisdictional territory of which it is committed." There are statutory exceptions to this general rule, however. For example, as relevant here, section 781 states that "when a public offense is committed in part in one jurisdictional territory and in part in another, . . . or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more jurisdictional territories, the jurisdiction for the offense is in any competent court within either jurisdictional territory."

█ " ' "Section 781 is remedial and, thus, we construe the statute liberally to achieve its purpose of expanding criminal jurisdiction beyond rigid common law limits. [Citations.] We therefore interpret section 781 in a commonsense manner with proper regard for the facts and circumstances of the case rather than technical niceties." ' [Citation.] █ The prosecution has the burden of proving the facts supporting venue by a preponderance of the evidence, and '[o]n review, a trial court's determination of territorial jurisdiction will be upheld as long as there is "some evidence" to support its holding.' [Citation.]" (*Thomas, supra*, 53 Cal.4th at p. 1283.)

The record contains some evidence to support the court's finding of proper venue. In denying appellant's section 995 motion alleging improper venue, the trial court reasoned that the result was "the only correct conclusion" in light of *Posey*. An analysis of *Posey* reveals the wisdom of the trial court's reasoning. In *Posey*, a Marin County sheriff's detective learned that a San Francisco County resident known as "Nini"[4] was selling cocaine to Marin County residents. While in Marin County, the detective placed a phone call to

---

[4] Nini was subsequently identified and charged in the matter as a codefendant, but fled prior to trial. (*Posey, supra*, 32 Cal.4th at p. 202.)

Nini in San Francisco County and left on a paging system a telephone number with a 415 area code, which covers both counties. Nini called back and agreed to sell the detective an ounce of cocaine. The detective then falsely told her he was in Sonoma County and unsuccessfully sought to have her meet him in Marin County. The detective called Nini again later that day to make delivery arrangements. Nini called the detective back and put the defendant on the phone, who arranged to sell the detective two ounces of cocaine at a location in Marin County. Shortly after the call was completed, the defendant called the detective back and changed the point of delivery to a location in San Francisco County. The transaction was completed that evening. (*Posey, supra,* 32 Cal.4th at p. 202.) A similar transaction was negotiated over the phone and completed in San Francisco some days later. In initiating and negotiating the second purchase, the detective used a cell phone with a 707 area code, which encompasses Sonoma County. (*Ibid.*)

 In concluding that Marin County was an appropriate venue for the prosecution of both drug offenses, our Supreme Court reasoned that section 781's reference to " 'effects . . . requisite to the consummation' of a crime establishing venue in a county should be liberally construed to embrace *preparatory* effects, such as the placement of a telephone call into a county leading to a crime. . . ." (*Posey, supra,* 32 Cal.4th at p. 219.) The court further reasoned that "the circumstance that defendant may not have placed a telephone call to Marin deliberately, or even knowingly, would not defeat venue in that county. Under section 781, venue turns on the presence or absence, in a county, of acts or effects constituting the crime or requisite to the commission of the crime—not on the defendant's state of mind or on the soundness of any beliefs that he or she might hold as to the location of those acts or effects." (*Id.* at p. 221.)

Here, appellant—unlike the defendant in *Posey*—did not initiate or participate in any of the phone calls upon which the finding of proper venue is based. Construing section 781 liberally, as we must (*Thomas, supra,* 53 Cal.4th at p. 1283), and in light of *Posey*'s rationale, we conclude that this distinction is of no moment. Although the court in *Posey* emphasized the fact that the defendant in that case had made several phone calls to the county in which he was prosecuted (*Posey, supra,* 32 Cal.4th at p. 221), nothing in the opinion suggests that this fact would have been essential to a finding of proper venue in that case. Section 781 does not refer to any requirement that the acts or effects requisite to consummation of the offense must directly involve the defendant who is charged with the crime. (See *People v. Price* (1989) 210 Cal.App.3d 1183, 1189–1192 [259 Cal.Rptr. 282], overruled on another ground in *People v. Meza* (1995) 38 Cal.App.4th 1741, 1748 [45 Cal.Rptr.2d 844].) The court made clear we should not "insert[] into section 781 something that is not present" or construe the statute in a manner "that

contracts venue rather than extends it." (*Posey*, at p. 220.) The court also made clear that the defendant's mental state is irrelevant to the determination of venue. (*Ibid.*)

In light of these established principles, the fact that appellant's accomplice negotiated the drug sale over the phone with an individual physically present in Ventura County is sufficient to establish venue in that county. Although the call was made from Ventura County to Los Angeles County, the call itself—i.e., the discussions during which the drug sale was negotiated—took place in both counties. Giving section 781 the requisite liberal construction, this qualifies as a preparatory act or effect "requisite to the consummation of the offense occur[ring] in two or more jurisdictional territories." Accordingly, the case was subject to prosecution in either of the counties in which the call took place.

While the principal justification for the venue requirement is to protect the accused from the hardship and unfairness of being charged in a remote location, "venue provisions also serve to protect the interests of the community in which a crime or related activity occurs, 'vindicat[ing] the community's right to sit in judgment on crimes committed within its territory.' " (*People v. Simon* (2001) 25 Cal.4th 1082, 1095 [108 Cal.Rptr.2d 385, 25 P.3d 598].) Here, appellant sold a substantial amount of heroin to a resident of Ventura County. The sale was initiated and negotiated over the phone by an individual who was in Ventura County talking on a cell phone with that county's area code number. The residents of Ventura County undoubtedly have a legitimate interest in the local prosecution of individuals who are responsible for the influx of illegal drugs into their community, particularly when those individuals act pursuant to a criminal enterprise that allows purchasers to initiate and negotiate drug sales from within that community. Moreover, it cannot be said that appellant suffered any great hardship as a result of being tried in Ventura County, the border of which is only about 25 miles from the location of the drug sale for which he was prosecuted.[5]

■ The drug sale of which appellant was convicted was negotiated by his accomplice over the phone with an individual who was physically present in Ventura County. But for that call, there could have been no sale. Because this constitutes some evidence sufficient to support the finding that preparatory acts or effects requisite to commission of appellant's crimes took place in Ventura County, his motion to dismiss for lack of proper venue in that county was properly denied.

---

[5] At the People's request, we take judicial notice of the fact that the location of the crimes for which appellant was prosecuted (intersection of Woodman Avenue and Riverside Drive) is approximately 26 miles from Thousand Oaks, the easternmost city in Ventura County. (Evid. Code, § 452, subd. (h).)

The judgment is affirmed.

Gilbert, P. J., and Yegan, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 12, 2013, S209868.