Filed 4/2/14  P. v. Suarez CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESUS SAMUEL SUAREZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B248105<br>(Super. Ct. No. 2012003233)<br>(Ventura County) |

Jesus Samuel Suarez appeals a judgment following conviction of possession of methamphetamine for sale and transportation of methamphetamine, with findings that the methamphetamine exceeded 28.5 grams by weight and that he served three prior prison terms.  (Health & Saf. Code, §§ 11378, 11379, subd. (a)[1]; Pen. Code, §§ 1203.073, subd. (b)(2), 667.5, subd. (b).)  We affirm.

*FACTS AND PROCEDURAL HISTORY*

In the afternoon of January 26, 2012, Ventura Police Detectives Adam Delgado and Joshua Young patrolled Johnson Drive in an unmarked vehicle.  They saw Suarez in a silver-colored Chrysler automobile linger at a stop sign and then look "up and down the street."

The detectives followed Suarez to a nearby gasoline station.  There, he remained inside his vehicle, spoke on a cellular telephone, and looked around.  Suarez then

---

[1] All further statutory references are to the Health and Safety Code unless otherwise stated.

walked inside the station's convenience store, returned to his vehicle, pumped gasoline, and spoke on the telephone. Afterward, he drove to the north side of the station where again, he looked around and spoke on the telephone.

The detectives continued to monitor Suarez because they suspected he was involved in criminal activity. While watching him, they checked the license plate number of his automobile and learned that it belonged to Enterprise Rent-A-Car. This information heightened the detectives' suspicions.

Suarez left the gasoline station and drove to a nearby fast-food restaurant. There, he parked the automobile, opened and closed its trunk quickly, looked around, and then drove a short distance within the parking lot. Suarez parked the automobile and walked into a liquor store where he purchased two cold beverages. Meanwhile, James Lopez drove into the shopping center and parked his Chevrolet Malibu automobile near Suarez's automobile. By this time, Detective Delgado had requested assistance from Ventura Police Officer Kyle Robinson.

When Suarez returned to his automobile, he and Lopez conversed. Suarez opened the passenger door of Lopez's automobile and walked to the Chrysler automobile and retrieved items from the front seat. Suarez carried the items, including the cold beverages, to the front seat of Lopez's automobile. Detective Young video-recorded the encounter between the two men, and at trial, the prosecutor played the recording.

When Officer Robinson arrived, Lopez shut the door of the Chevrolet automobile. Robinson searched Suarez and found $427, a digital scale, and 1.18 grams of methamphetamine (in a prescription pill container) in a clothing pocket. Suarez did not appear to be under the influence of narcotics nor did he possess any narcotics paraphernalia. Suarez admitted to Robinson that the substance in the pill container was methamphetamine.

Robinson also searched the two automobiles. In the front seat of the Chevrolet automobile, he found a large jewelry box containing 148.10 grams of methamphetamine, and two bottles of cold beverages. He also found a digital scale in the trunk of the automobile. The jewelry box had a porous surface that precluded obtaining

2

fingerprint evidence. Neither the jewelry box nor the baggies containing the methamphetamine had sufficient DNA material deposits for testing. Robinson searched the Chrysler automobile and found a cellular telephone with no record of calls.

Robinson arrested Suarez and Lopez. A later search of Lopez revealed $40 and a blank money order for $350.

The jury convicted Suarez of possession of methamphetamine for sale (count 1), and transportation of methamphetamine (count 2). (§§ 11378, 11379, subd. (a).) It also found that the methamphetamine exceeded 28.5 grams by weight. (Pen. Code, § 1203.073, subd. (b)(2).) In a separate proceeding, Suarez admitted serving four prior prison terms within the meaning of Penal Code section 667.5, subdivision (b). The trial court sentenced Suarez to a prison term of six years, consisting of a three-year middle term for count 2, plus three consecutive one-year terms for the prior prison term enhancements. The court also imposed a 16-month consecutive term for count 1, but stayed sentence pursuant to Penal Code section 654. Finally, it struck the remaining prison term enhancement, imposed a $200 laboratory fee, a $200 drug program fee, and a $280 restitution fee, and awarded Suarez 228 days of presentence custody credit. (§§ 11372.5, 11372.7, subd. (a); Pen. Code, 1202.4, subd. (b).)

Suarez appeals and contends that: 1) insufficient evidence supports the judgment; 2) the trial court erred by instructing with CALCRIM No. 373 ("Other Perpetrator"); and 3) the prosecutor committed misconduct by misstating the evidence.

*DISCUSSION*

*I.*

Suarez argues that insufficient evidence supports the judgment, particularly the elements of possession and intent to sell. He asserts that there is no evidence that he constructively possessed the 148.10 grams of methamphetamine found in the jewelry box because forensic evidence did not connect him to the box and the police did not see him remove or carry the box from his Chrysler automobile. Suarez adds that a conviction resting upon insufficient evidence violates federal and California constitutional principles of due process of law.

3

In reviewing the sufficiency of evidence to support a conviction, we examine the entire record and draw all reasonable inferences therefrom in favor of the judgment to determine whether there is reasonable and credible evidence from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Streeter* (2012) 54 Cal.4th 205, 241.)  Our review is the same in a prosecution primarily resting upon circumstantial evidence.  (*People v. Watkins* (2012) 55 Cal.4th 999, 1020.)  We do not reweigh the evidence or reassess the credibility of witnesses.  (*People v. Albillar* (2010) 51 Cal.4th 47, 60.)  We accept the logical inferences that the jury might have drawn from the evidence although we would have concluded otherwise.  (*Streeter*, at p. 241.)  "If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding."  (*Albillar*, at p. 60.)  In our review, we focus upon the evidence that does exist, rather than the evidence that does not exist.  (*People v. Story* (2009) 45 Cal.4th 1282, 1299.)

The crime of possession of a controlled substance for sale is established by proof that the defendant possessed the contraband with the intent of selling it and with knowledge of both its presence and illegal character.  (*People v. Ghebretensae* (2013) 222 Cal.App.4th 741, 754; *People v. Meza* (1995) 38 Cal.App.4th 1741, 1745-1746.)  The crime of transportation of a controlled substance is established by proof that defendant carried or conveyed the contraband with knowledge of its presence and illegal character.  (*People v. Ormiston* (2003) 105 Cal.App.4th 676, 682.)  "'The crux of the crime of transporting is movement of the contraband from one place to another.'"  (*Ibid.*)

Sufficient evidence and reasonable inferences therefrom support the elements of possession and intent to sell.  The detectives saw Suarez open the trunk of his automobile, retrieve an object, and then return to the driver's seat.  Suarez behaved "nervous[ly]" and looked around before meeting Lopez in the parking lot.  When he met Lopez, Suarez opened the passenger door of Lopez's automobile, retrieved items from the front seat of the Chrysler automobile, including two cold beverages, and deposited the items on the front seat of Lopez's automobile.  Detective Young testified:  "I saw [Suarez]

4

get out of the driver's side. He had some items in his hand he was carrying almost like you would carry, like, a football or something, and kind of cradled it into a Chevy that was parked just next to him . . . ." Young recorded Suarez's actions and, at trial, the prosecutor played the recording. Lopez did not enter his automobile following the transfer. Officer Robinson immediately found the jewelry box containing methamphetamine and the two cold beverages on the front seat. Moreover, a search of Suarez revealed a digital scale in his clothing pocket, permitting the reasonable inference that he intended to sell the methamphetamine that he possessed and transferred to Lopez.

*II.*

Suarez contends that the trial court erred by instructing with CALRIM No. 373 ("Other Perpetrator") because it undermined his defense that Lopez was the culpable party. He claims that the error denied him due process of law pursuant to the federal Constitution because the instruction precluded the jury's consideration of the constitutionally relevant evidence that Lopez alone possessed the jewelry box containing methamphetamine.

CALCRIM No. 373 provides: "The evidence shows that another person may have been involved in the commission of the crimes charged against the defendant. There may be many reasons why someone who appears to have been involved might not be a codefendant in this particular trial. You must not speculate about whether that other person has been or will be prosecuted. Your duty is to decide whether the defendant on trial here committed the crimes charged."

For several reasons, there is no error.

First, Suarez consented to the instruction, pointing out that the instruction use note provides that the instruction should be given upon request. Suarez also stated that "[i]t just seems like an appropriate instruction." He may not now raise an objection to this instruction. (*People v. Whalen* (2013) 56 Cal.4th 1, 81-82.)

Second, it is settled that an instruction on unjoined perpetrators does not interfere with a third party culpability defense. (*People v. Farmer* (1989) 47 Cal.3d 888, 918-919, overruled on other grounds in *People v. Waidla* (2000) 22 Cal.4th 690, 724, fn.

5

6.)  "[T]he instruction does not tell the jury it cannot consider evidence that someone else *committed* the crime.  [Citation.]  It merely says the jury is not to speculate on whether someone else might or might not be *prosecuted*."  (*Id.* at p. 918 [considering predecessor instruction CALJIC No. 2.11.5].)  CALCRIM No. 373 did not preclude or diminish Suarez's defense of third party culpability; it merely directed the jury not to be distracted from its task of determining Suarez's guilt or innocence by considering whether an uncharged person might also be culpable.  (*People v. Sanders* (1990) 221 Cal.App.3d 350, 360.)

### *III.*

Suarez argues that the prosecutor committed misconduct by making these statements not supported by evidence at trial:  "Dope dealers drive rental cars because when the law enforcement runs their license plate, they don't learn anything about the individual driving it," and "Dope buyers . . . [are] not going to go out and rent a car every time they want to go out and buy a gram of dope."  In each instance, the trial court struck the prosecutor's statement and admonished the jury that argument of counsel is not evidence.  The prosecutor also displayed a slide during summation, stating that drug dealers use rental cars.  Suarez again objected, and the court admonished the jury that the prosecutor's argument was not evidence.  The court declined to direct the prosecutor to remove the slide, however.

The standards governing review of claims of prosecutorial misconduct are well settled.  (*People v. Gonzales* (2012) 54 Cal.4th 1234, 1275.)  "When a prosecutor's intemperate behavior is sufficiently egregious that it infects the trial with such a degree of unfairness as to render the subsequent conviction a denial of due process, the federal Constitution is violated.  Prosecutorial misconduct that falls short of rendering the trial fundamentally unfair may still constitute misconduct under state law if it involves the use of deceptive or reprehensible methods to persuade the trial court or the jury."  (*People v. Panah* (2005) 35 Cal.4th 395, 462.)  To prevail on a claim of prosecutorial misconduct based on remarks to the jury, the defendant must show a reasonable likelihood that the jury understood or applied the complained-of comments in an improper or erroneous manner.

6

(*People v. Gamache* (2010) 48 Cal.4th 347, 371; *People v. Caldwell* (2013) 212 Cal.App.4th 1262, 1269.)

Although a prosecutor has a wide latitude in presenting his case, he may not mischaracterize or misstate the evidence. (*People v. Hamilton* (2009) 45 Cal.4th 863, 928.) The prosecutor may fairly comment on the evidence, including reasonable inferences or deductions to be drawn therefrom. (*People v. Gamache*, *supra*, 48 Cal.4th 347, 371.)

The prosecutor's comments regarding rental cars and drug sellers are reasonable common sense inferences drawn from the evidence at trial. Police officers do not "learn anything about the individual driving [a rental car]" when checking the license plates. Drug buyers are also not likely "to go out and rent a car every time they want to go out and buy a gram of dope."

In any event, the trial court sustained Suarez's objections to the prosecutor's comments and instructed that the prosecutor's argument was not evidence and that the jury alone would determine the facts. We presume the jury understands and follows the court's instructions. (*People v. Pearson* (2013) 56 Cal.4th 393, 414 [presumption that jury understands and follows court's instructions]; *People v. Hamilton*, *supra*, 45 Cal.4th 863, 957 [claim that prosecutor prejudicially misstated evidence not prejudicial where court instructed that argument by counsel was not evidence].)

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:


YEGAN, J.


PERREN, J.

7

Bruce A. Young, Judge

Superior Court County of Ventura

_____

Pamela J. Voich, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.