Filed 7/29/14  P. v. Johnston CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TYRONE KENTE JOHNSTON,<br><br>Defendant and Appellant. | F067360<br><br>(Super. Ct. No. CRM012905A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Ronald W. Hansen, Judge.

Rex A. Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous, II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Poochigian, Acting P.J., Detjen, J. and Franson, J.

A jury convicted appellant Tyrone Kente Johnston of two felonies, viz. transportation of cocaine base (Health & Saf. Code, § 11352, subd. (a); count 1) and possession of cocaine base for purposes of sale (Health & Saf. Code, § 11351.5; count 2), and misdemeanor resisting a peace officer (Pen. Code, § 148, subd. (a)(1); count 3). In a separate proceeding, appellant admitted an enhancement allegation that he had served a prison term for a prior felony conviction (Pen. Code, § 667.5, subd. (b)). The court imposed a five-year county jail term, consisting of four years on count 1 and one year on the prior prison term enhancement. On counts 2 and 3, the court imposed concurrent county jail terms of four years and six months, respectively.

On appeal, appellant argues (1) that the evidence was insufficient to support his two felony convictions, and, alternatively, (2) that imposition of sentence on count 2 violated the Penal Code section 654 (section 654) proscription against multiple punishment. We reject appellant's first contention, find merit in the second, modify the judgment accordingly, and otherwise affirm.

**FACTS**

At approximately 4:00 p.m., on September 22, 2010, Merced Police Officers Cruz Jasso and Reynaldo Alvarez were traveling in a marked patrol car through a residential area when they saw a brown sport utility vehicle (SUV). Alvarez testified he recognized the passenger in the SUV as a gang member and parolee "with search terms," and directed Cruz, who was driving, to stop the vehicle. As Cruz made a U-turn to pull in behind the vehicle, Alvarez informed him that one of the vehicle's brake lights was not functioning, and, Jasso testified, shortly thereafter he "initiated a traffic stop."

The SUV pulled over and stopped, and appellant, who was driving, got out, ran off and jumped over a fence into a backyard. Alvarez gave chase.

At one point in the pursuit, no more than two minutes after appellant initially fled from the car, Alvarez saw appellant standing "within inches" of some recycling bins next to a fence in the front yard of a house. The two made eye contact and appellant ran off

2

and jumped a fence.  Other officers converged on the area and began searching for appellant and, Alvarez testified, approximately five to 10 minutes after the vehicle stop, he learned appellant had been taken into custody.

Alvarez searched appellant and found $259 in various small-denomination bills in his pockets.

Approximately 15 minutes after appellant fled from the stopped SUV, Alvarez returned to the recycling bins, smelled what he thought was marijuana, looked inside one of the bins, and found two clear plastic bags.  One plastic bag contained what appeared to be marijuana, and the other contained three smaller plastic bags, each containing what Alvarez described as "an off-white rock-like substance."

A California Department of Justice criminalist testified that the three bags of off-white substance contained, respectively, 2.12 grams of cocaine, 1.27 grams of cocaine base and 1.23 grams of cocaine base.

Officer Ramon Ruiz, testifying as an expert in narcotics trafficking, opined, in response to hypothetical questions tracking the testimony of prosecution witnesses, that the cocaine base was possessed for purposes of sale.

## DISCUSSION

### *Sufficiency of the Evidence*

As indicated above, appellant challenges the sufficiency of the evidence supporting the instant felony convictions.

### *Legal Background*

"'Unlawful possession of a controlled substance for sale requires proof the defendant possessed the contraband with the intent of selling it and with knowledge of both its presence and illegal character.'"  (*People v. Harris* (2000) 83 Cal.App.4th 371, 374.)  The elements of transportation of a controlled substance are the same as those for possession if the term "transportation" replaces "possession."  (*People v. Meza* (1995) 38 Cal.App.4th 1741, 1746 ["Transportation of a controlled substance is established by

3

carrying or conveying a usable quantity of a controlled substance with knowledge of its presence and illegal character"].)  Each element may be proven circumstantially.  (*People v. Palaschak* (1995) 9 Cal.4th 1236, 1242.)

"Possession may be actual or constructive.  Actual possession means the object is in the defendant's immediate possession or control.  A defendant has actual possession when he himself has the [object].  Constructive possession means the object is not in the defendant's physical possession, but the defendant knowingly exercises control or the right to control the object."  (*In re Daniel G.* (2004) 120 Cal.App.4th 824, 831.)

Constructive possession may be found "[w]hen contraband is found in a place to which a defendant and others has access and over which none have exclusive control."  (*People v. Hutchinson* (1969) 71 Cal.2d 342, 345 (*Hutchinson*).)  However, when contraband is found in such a place, "'no sharp line can be drawn to distinguish the congeries of facts which will and that which will not constitute sufficient evidence of a defendant's knowledge of the presence of [contraband].'"  (*Ibid.*)  "'[P]roof of opportunity of access to a place where [contraband is] found, without more, will not support a finding of unlawful possession.'"  (*Id.* at p. 346.)

*Standard of Review*

"The court must 'review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.'"  (*People v. Ceja* (1993) 4 Cal.4th 1134, 1138.)  "'Circumstantial evidence may be sufficient to connect a defendant with the crime and to prove his guilt beyond a reasonable doubt.'"  (*People v. Bean* (1988) 46 Cal.3d 919, 933.)  "'"If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment."'"  (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.)

4

However, "[b]y definition, 'substantial evidence' requires *evidence* and not mere speculation. In any given case, one 'may *speculate* about any number of scenarios that may have occurred …. A reasonable inference, however, "may not be based on suspicion alone, or on imagination, speculation, supposition, surmise, conjecture, or guess work. [¶] … A finding of fact must be an inference drawn from evidence rather than … a mere speculation as to probabilities without evidence."'" (*People v. Cluff* (2001) 87 Cal.App.4th 991, 1002, quoting *People v. Morris* (1988) 46 Cal.3d 1, 21.) "Evidence which merely raises a strong suspicion of the defendant's guilt is not sufficient to support a conviction." (*People v. Redmond* (1969) 71 Cal.2d 745, 755.)

<u>Contentions and Analysis</u>

Appellant argues evidence was insufficient to establish he knowingly exercised control over the cocaine base found in the recycling bin because he did not live at the residence outside of which the bin was located, there was no evidence he was in close proximity to the bin "for any appreciable length of time," and there was no evidence anyone saw him put the contraband in the bin.

We find instructive *Hutchinson*, *supra*, 71 Cal.2d 342. In that case, the mother of the 18-year-old defendant discovered marijuana in a closet and under a bed in a bedroom that the defendant shared with two brothers and a step-brother. Two of these boys were "away on vacation" (*id.* at p. 344) in the week preceding the discovery of the contraband, but the night before the discovery, "friends of defendant and his brothers and sisters had visited the … house for a swimming party" and "the boys who attended such swimming parties dressed and undressed in the … bedroom [where the marijuana was found]" (*id.* at p. 345). Our Supreme Court stated that if the evidence had shown only that the marijuana was hidden where it was found in the shared room, a finding of unlawful possession would not be supported. (*Id.* at pp. 345-346.) However, the fact that the defendant fled through his bedroom window when his mother threatened to call the police was sufficient additional evidence from which to draw an inference of consciousness of guilt, thereby

5

justifying the giving of a jury instruction on the significance of flight. (*Id.* at p. 346.) The court stated: "The jury was not required to accept defendant's explanation that his flight was motivated only by a wish to escape from his mother's emotional outburst. The jury could reasonably infer that his flight reflected consciousness of guilt and that he therefore knowingly possessed the marijuana found in the bedroom and closet." (*Ibid*.)

Thus, in *Hutchinson,* the evidence was sufficient to establish possession where (1) the contraband was located in a place to which persons in addition to the defendant had access, and (2) there was conduct by the defendant indicating consciousness of guilt.

Here, appellant was seen standing within inches of the bin in which the cocaine base was found. And the bin was located outside of a private residence in a location to which persons other than appellant had access. Thus, as in *Hutchinson*, the contraband was found in a place to which both appellant and other persons had access. In addition, also as in *Hutchinson*, appellant's conduct, viz., running from the police, evinced consciousness of guilt.

We recognize that appellant's connection to the bin in which the contraband was found was weaker than in *Hutchinson*, in that the residence outside of which the bin was located was not appellant's, whereas in *Hutchinson* contraband was found in the defendant's bedroom. However, in our view, this factor does not distinguish *Hutchinson*. We conclude that appellant's close proximity to the place where the cocaine base was found, considered in conjunction with the evidence that he was seen in that place within minutes of taking flight from the police, places the instant case within the "congeries of facts" (*Hutchinson*, *supra*, 71 Cal.2d at p. 345) sufficient to establish knowing possession of the contraband. Therefore, appellant's challenge to the sufficiency of the evidence supporting the possession and transportation convictions fails.

*Section 654*

Appellant contends the imposition of sentence on both counts 1 and 2 violated section 654. The People concede the point, and we agree.

6

Section 654 prohibits punishment for more than one offense arising from the same act or from an indivisible course of conduct.  (*People v. Latimer* (1993) 5 Cal.4th 1203, 1216.)  Whether a course of conduct is divisible depends on the intent and objective of the actor.  (*Id*. at p. 1208.)  If all of the crimes were merely incidental to, or were the means of accomplishing or facilitating one objective, a defendant may be punished only once.  (*People v. Harrison* (1989) 48 Cal.3d 321, 335.)  The resolution of this question is one of fact and the trial court's finding will be upheld on appeal if it is supported by substantial evidence.  (*People v. Williams* (1992) 9 Cal.App.4th 1465, 1473.)

There is nothing in the record to suggest that the count 1 and 2 offenses were committed with separate intents and objectives.  As the parties agree, the imposition of concurrent terms on both counts violated section 654.  (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1583; *People v. Deloza* (1998) 18 Cal.4th 585, 592 [where multiple punishments are precluded by section 654, both concurrent and consecutive sentences are prohibited].)

Where a sentence violates section 654, the proper appellate response is to "'stay the sentence on the lesser offenses while permitting execution of the greater offense consistent with the intent of the sentencing court.'"  (*People v. Pitts* (1990) 223 Cal.App.3d 1547, 1560.)  However, the punishments for the count 1 and count 2 offenses are identical and therefore either count could be stayed with the same result.  Appellant asks that the sentence on count 2 be stayed, and the People agree.  Under these circumstances, we deem it appropriate to direct the trial court to stay execution of sentence on count 2.

## DISPOSITION

The 4-year sentence imposed on count 2 (possession of cocaine base for purposes of sale) is stayed pending completion of service of the sentence on count 1 (transportation of cocaine base), with the stay to become permanent upon completion of the sentence on count 1.  The trial court is directed to prepare an amended abstract of judgment reflecting

7

that the sentence for count 2 is stayed, not concurrent to count 1, and to forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.