Filed 8/27/15  P. v. Galloway CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JIMMY GALLOWAY,<br><br>    Defendant and Appellant. | 2d Crim. No. B259885<br>(Super. Ct. No. NA096762)<br>(Los Angeles County) |

Jimmy Galloway appeals from the judgment following his conviction by jury of three counts of possession for sale of a controlled substance, in violation of Health and Safety Code, section 11351 (count 1, hydrocodone (vicodin); count 2, morphine; count 4, codeine); and one count of possession for sale of a controlled substance, in violation of Health and Safety Code, section 11375, subdivision (b)(1), (count 5, alprazolam (xanax)).  The trial court sentenced him to three years in county jail.  (Pen. Code, § 1170, subd. (h).)  He contends there is not sufficient evidence to support his convictions because there is no evidence he intended to sell the controlled substances. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 5, 2013, Long Beach Police Officer Bernardo Barajas entered appellant's home to execute a search warrant.  Appellant was sitting on a couch.

There were empty pill bottles and a black bag on the floor near him. Appellant said that the bag and its contents, several pill bottles, belonged to him. His name was not on any of the bottles. One bottle contained 147 xanax pills. Its label indicated it contained prenatal tabs for Jasmine L. Galloway. A second bottle contained 117 codeine pills, 37 vicodin pills and 9 unidentified pills. A third bottle contained 43 morphine pills. The labels were torn from the second and third bottles.

During the search, Barajas found a wallet and a cell phone next to appellant. The wallet contained his identification card and $223. Appellant said that the cell phone belonged to him. Barajas found four text messages with narcotic sales references in the phone. One message said, "50 Norcs or Vics." Barajas testified that "50 Vics" meant 50 vicodin pills. Another message asked for "50." Another message referred to "N's" which Barajas testified meant vicodin. Another text asked, "Are you far?"

Although appellant initially said the pills belonged to him, he also made other statements about their ownership. He said not all of the pills were prescribed for him, and he got some from people "on the streets." He also said the pills belonged to his friend. Appellant said that he gave pills away to people he knew in exchange for cash or "other things."

Officer Decarvalho searched appellant's car. It contained two empty pill bottles with the name "Mavis Stevenson" on their labels. Appellant said those bottles belonged to his friend.

Barajas opined that appellant possessed the codeine, the vicodin, the xanax, and the morphine for the purpose of sale. He based his opinion on the quantity of the substances, their packaging, the amount of cash in appellant's wallet, the text messages in his phone, and his statements that he exchanged the pills for cash or other things.

Appellant testified that the medications recovered by the police belonged to him and his wife. The "norco" and morphine belonged to his wife, who was alive at the time of the search. Appellant also testified that one of the bottles in his black bag belonged to his daughter, but the pills inside that bottle belonged to him. He had a large

2

quantity of xanax pills because he "stopped taking" it regularly and "had them piled up." He picked up a prescription for 30 xanax pills each month because he did "take them sometimes."

Appellant testified that he did not know how to text, and the cell phone with the text messages belonged to his daughter. He said that the cash in his wallet was rent money that came from his "military check." He also testified that the empty pill bottles found in his car belonged to his friend, Mavis Stevenson, who had used the car.

DISCUSSION

Appellant claims that there is not sufficient evidence to support the finding that he had the requisite intent to sell the controlled substances in his possession. We disagree.

In reviewing an insufficient evidence claim, we consider the entire record in the light most favorable to the judgment to determine whether it discloses substantial evidence such that a reasonable jury could find the defendant guilty beyond a reasonable doubt. (*People v. Elliot* (2005) 37 Cal.4th 453, 466.) We presume the existence of every fact supporting the judgment that the jury reasonably could deduce from the evidence, and a judgment will be reversed only if there is no substantial evidence to support the verdict under any hypothesis. (*People v. Bolin* (1998) 18 Cal.4th 297, 331; *People v. Quintero* (2006) 135 Cal.App.4th 1152, 1162.) We may not substitute our judgment for that of the jury, reweigh the evidence, or reevaluate the credibility of witnesses. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.) The same standard of review applies when the conviction rests on circumstantial evidence. (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.) "Absent exceptions not pertinent here, 'the testimony of a single witness is sufficient for the proof of any fact.'" (*People v. Avila* (2009) 46 Cal.4th 680, 703.)

"Unlawful possession of a controlled substance for sale requires proof the defendant possessed the contraband with the intent of selling it and with knowledge of both its presence and illegal character." (*People v. Meza* (1995) 38 Cal.App.4th 1741, 1745-1746.) The crime can be established by circumstantial evidence and any reasonable inferences drawn from that evidence. (*Ibid*.)

3

Circumstantial evidence supports the inference that appellant intended to sell the codeine, morphine, xanax and vicodin recovered from the three pill bottles in his black bag. The expert opinion offered by Officer Barajas supporting this inference is amply supported by the evidence. The bottle which held 147 xanax pills bore a label for prenatal tablets, and the name Jasmine Galloway. Appellant testified his xanax pills "piled up" because he did not take them regularly, and he picked up his prescription for 30 pills each month. The labels had been torn from the two other bottles, one of which contained a mixture of 117 codeine pills, 37 vicodin pills and 9 unidentified pills. Appellant made inconsistent statements to Barajas about the ownership of the pills, claiming they were his, and that they belonged to a friend. He said he got some of the pills "on the street," and gave them to people he knew in exchange for cash or "other things." Appellant's cell phone contained text message references to narcotics. Substantial evidence supports his convictions.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

4

Richard R. Romero, Judge

Superior Court County of Los Angeles
_____

Law Offices of Pamela J. Voich, Pamela J. Voich, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Stacy S. Schwartz, Deputy Attorney General, for Plaintiff and Respondent.