[No. C061186. Third Dist. Aug. 4, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
ANDREW BENSON BUSCH, Defendant and Appellant.

**COUNSEL**

David L. Annicchiarico, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette and Michael P. Farrell, Assistant Attorneys General, Carlos A. Martinez and Christina Hitomi Simpson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SIMS, Acting P. J.**—A jury found defendant Andrew Benson Busch guilty of transportation of more than 28.5 grams of marijuana (Health & Saf. Code, § 11360, subd. (a); undesignated statutory references are to the Health and Safety Code), possession of more than 28.5 grams of marijuana (§ 11357,

subd. (c)); and driving with a suspended license (Veh. Code, § 14601.1, subd. (a)). The court suspended imposition of sentence on the marijuana offenses and placed him on formal probation.[1]

On appeal, defendant contends his convictions for transportation and possession of marijuana must be reversed because the jury was not instructed that defendant had to know he transported or possessed more than 28.5 grams of marijuana. He contends further that his conviction for possession of marijuana must be reversed as a lesser included offense of transportation, and there is insufficient evidence to support his conviction for possession of marijuana. Finding no error, we shall affirm the judgment.

## BACKGROUND

While on patrol in South Natomas, Sacramento Police Officer Ben Spencer stopped defendant's GMC Jimmy for expired registration. Officer Spencer's partner, Officer Daniel Paiz, contacted defendant, the driver. Defendant did not have a license and admitted the car was his. He got out of the car and was searched. Nothing was found.

Anthony Cooper was in the truck's front passenger seat, and two other men were in the backseat. Officer Spencer approached the truck and contacted Cooper. Officer Paiz saw a shiny object as Cooper moved his hands from his lap to an area between the front passenger seat and the door. Officer Paiz inspected the area and found a handgun on the floorboard.

Officer Spencer smelled marijuana in the car and obtained consent to search Cooper, who had 43 one-inch Ziploc baggies with a Batman logo. Officer Paiz obtained defendant's consent to search the car, finding a large clear baggie containing 95.5 grams of marijuana in the center console and another bag containing 22.5 grams of marijuana on the rear passenger side between the wall and the seat. In addition, he found 2.74 grams of methamphetamine under the marijuana in the center console. Officer Paiz remembered a scale was recovered from the car, although he could not recall where it was found. Officer Spencer did not recall finding a scale.

After executing a *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602] waiver, defendant told Officer Paiz he drove up from Pacifica to a friend's house and needed to pick up some items. He also admitted there

---

[1] As a condition of probation, the trial court ordered defendant to serve 90 days in jail with credit for 23 days time served. At this juncture, it appears that defendant has served all his jail time. In light of the apparent mootness of the issue, we do not address defendant's entitlement to conduct credits pursuant to the recent amendments to Penal Code section 4019. Defendant may petition for rehearing if he wishes to separately raise this issue.

was marijuana in the center console and his driver's license was suspended. Defendant told the officer he was not a drug dealer, and said, "I don't have anything else illegal in the car."

Sacramento Police Detective Justin Johnson testified as an expert on possession for sale of marijuana and methamphetamine. Based on the quantity of drugs seized, the packaging, the scales, and the lack of smoking paraphernalia, he concluded both the marijuana and methamphetamine were possessed for the purpose of sale.

Testifying, defendant said he did not know Cooper very well. After meeting Cooper in the Pacifica Safeway, defendant agreed to drive Cooper to Sacramento so he could buy marijuana, which defendant could share when they returned. On the way to Sacramento, Cooper called and invited the two men who wound up in the back, whom defendant had never previously met.

Defendant had never been to Sacramento, so Cooper directed him there. He eventually exited the freeway and Cooper led him to a house, where they stopped. Cooper got out of the car, entered the house, and returned about 20 minutes later. Reentering the car, Cooper pulled the marijuana out of his jacket and put it in the center console.

Defendant never saw the gun, the small baggies, or the methamphetamine. Cooper paid for the toll and gasoline; defendant was basically a chauffeur. He did not know how much marijuana had been purchased; since they were going to smoke it, defendant assumed there were no more than six to seven grams in the car.

When defendant consented to the search, he expected the police to find marijuana in the center console and nothing else. Defendant first told the officer he was there to pick up a cell phone, which was not true. Defendant lied because he was nervous and scared over the marijuana in the car. The drive took a couple of hours, and defendant admitted he "possibly" could have obtained marijuana in Pacifica.

## DISCUSSION

### I

Regarding the charge of transporting more than 28.5 grams of marijuana (§ 11360, subd. (a)), the court instructed the jury with CALCRIM No. 2361, which provides in pertinent part: "To prove that the defendant is guilty of this crime the People must prove that: [¶] The defendant transported a controlled substance; [¶] The defendant knew of its presence; [¶] The defendant knew of

its nature or character as a controlled substance; [¶] The controlled substance was marijuana; [¶] And the marijuana possessed by the defendant weighed more than 28.5 grams." The court also instructed the jury that this was a general intent crime.

Defendant argues the court violated his right to due process by failing to inform the jury he could not be convicted of transporting more than 28.5 grams of marijuana unless he knew the marijuana weighed more than 28.5 grams. We disagree.

Section 11360 provides as follows:

"(a) Except as otherwise provided by this section or as authorized by law, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any marijuana shall be punished by imprisonment in the state prison for a period of two, three or four years.

"(b) Except as authorized by law, every person who gives away, offers to give away, transports, offers to transport, or attempts to transport not more than 28.5 grams of marijuana, other than concentrated cannabis, is guilty of a misdemeanor and shall be punished by a fine of not more than one hundred dollars ($100). In any case in which a person is arrested for a violation of this subdivision and does not demand to be taken before a magistrate, such person shall be released by the arresting officer upon presentation of satisfactory evidence of identity and giving his written promise to appear in court, as provided in Section 853.6 of the Penal Code, and shall not be subjected to booking."

■ As is evident from the foregoing text, section 11360 contains no knowledge requirement whatsoever. However, our Supreme Court has held that the elements of the offense of transportation of marijuana are (1) a person transported, that is, concealed, conveyed or carried marijuana, and (2) the person knew of its presence and illegal character. (*People v. Rogers* (1971) 5 Cal.3d 129, 133–134 [95 Cal.Rptr. 601, 486 P.2d 129] (*Rogers*).)

The requirement of knowledge of the presence and character of a narcotic substance is judicial gloss on the statute. The origins of this judicial gloss are discussed at length in *People v. Candiotto* (1954) 128 Cal.App.2d 347, 351–352 [275 P.2d 500] (*Candiotto*):

"In *People* v. *Gory*[ (1946)] 28 Cal.2d 450 [170 P.2d 433], it was deemed erroneous to reject an instruction that ' "[i]n order for defendant to have in

his possession the objects charged in the information, you must be convinced by the evidence and beyond a reasonable doubt that he *knowingly* had such objects in his possession. The meaning of the word 'possession' includes the exercise of dominion and control over the thing possessed." ' (P. 453.) The use in this instruction of the words 'the objects charged in the information' and the words 'such objects' operated as a reference to the words 'flowering tops and leaves of Indian Hemp (cannabis sativa)' used in the information. The word 'knowingly,' said the court, imports ' ". . . a knowledge that the facts exist which bring the act or omission within the provisions of this code . . ." ' (P. 456.)

"In *People* v. *Cole*[ (1952)] 113 Cal.App.2d 253 [248 P.2d 141], the charges were 'possession' and 'transportation' of marijuana. The giving of the following instruction was held erroneous: ' "While there must be unity of act and intent in every public offense, it is not necessary that the evidence show that the defendant knew that the object or objects which he possessed *were narcotics* or were prohibited by law, so long as . . . he had knowledge of the existence and location of such object or objects and intended to maintain physical control thereof." ' (P. 258.) Of this the reviewing court said: 'The italicized words were erroneous as we understand the law. Under this instruction if the defendant possessed marijuana, honestly believing it to be an innocuous substance such as alfalfa or tobacco he would still be guilty. While a specific intent to violate the law is not an ingredient of the crime of possession of a narcotic, "a knowledge that *the facts exist* which bring the act within the provisions of this code" is necessary. (*People* v. *Gory*, [*supra*,] 28 Cal.2d 450, 456 . . . .) One of the facts of which a defendant must have knowledge is that the article is a narcotic, because that is one of the facts, indeed the essential fact, "which bring(s) the act within the provisions of this code." To instruct as the court did in this case that it is not necessary "that the defendant knew that the object or objects which he possessed were narcotics" is to authorize the conviction of a defendant who possessed marijuana in the honest belief that it was not marijuana. If that is the law then if I am given marijuana cigarettes, in a package of one of the standard brands of cigarettes made of tobacco, and retain it in my possession in the honest and innocent belief that it is a package of that brand of cigarettes I am nonetheless guilty of a felony, or if I cut a weed from the roadside which is in fact marijuana and use it as a part of a floral decoration in my home not knowing its narcotic character I am equally guilty. It is axiomatic that all laws must be reasonably construed and such a construction would so clearly pass the bounds of reason as to be unthinkable.' (P. 258.)" (*Candiotto, supra,* 128 Cal.App.2d 347, 351–352, fns. omitted.)

■ From the foregoing, it is apparent that the courts have required proof of the knowledge and character of a narcotic substance in order to "bring the act or omission within the provisions of this code." (*People v. Gory, supra*, 28 Cal.2d at p. 456.)

But what does this mean?

The examples cited at length in *Candiotto, supra*, 128 Cal.App.2d at pages 351–352, taken from *People v. Cole, supra*, 113 Cal.App.2d 253, make clear that the knowledge requirement is necessary to avoid conviction of wholly innocent persons, e.g., persons who cut marijuana on the roadside and use it in a floral decoration not knowing its narcotic character.

In this case, the jury was instructed and undoubtedly found that defendant had knowledge of the presence of marijuana and of its narcotic character. He was thus brought within the criminal provisions of the Health and Safety Code.

■ We see no warrant to extend the knowledge requirement—which does not appear in section 11360—so as to require the People to prove knowledge of the weight of the marijuana transported by defendant. Defendant has cited no case law that tends to support his argument and, indeed, all case law that we have found is to the contrary. As we shall discuss, the cases have routinely held that if it is proved a defendant has knowledge of the presence and narcotic character of an illegal drug, the prosecuting authority need not prove the defendant had knowledge of the actual weight of the substance that, in fact, invokes greater penalties.

Thus, for example, in *People v. Meza* (1995) 38 Cal.App.4th 1741 [45 Cal.Rptr.2d 844] (*Meza*), the defendants were seized in a car containing over 32 kilograms of cocaine; the jury convicted them of transporting cocaine and possession of cocaine for sale, and sustained an allegation that the cocaine weighed more than 20 kilograms (§ 11370.4). (*Meza, supra*, 38 Cal.App.4th at p. 1744.) The defendants contended the court was obligated to instruct the jury that it could not sustain the enhancement unless it found the defendants knew the quantity of cocaine was greater than 20 kilograms. (*Ibid.*)

The Court of Appeal rejected the contention, declining to extend a knowledge requirement to the weight enhancement when section 11370.4 contains no provisions requiring special intent or knowledge. (*Meza, supra*, 38 Cal.App.4th at p. 1748.) It also rejected the defendants' due process claim, finding the lack of a knowledge requirement regarding weight does not violate due process because: " 'This construction of [the enhancement statute] does not criminalize otherwise innocent activity, since the statute incorporates

[the underlying crime] which already contains a mens rea requirement . . . . In this respect, the . . . statute resembles other . . . criminal laws, which provide enhanced penalties . . . for obviously antisocial conduct upon proof of a fact of which the defendant need not be aware.' [Citation.]" (*Ibid.*)

Since the defendants in *Meza* were convicted of knowingly and intentionally possessing cocaine, " '[t]hrough their involvement in the illegal transaction, defendants assumed the risk of enhanced penalties if the government could show' their crimes involved more than 20 kilograms of cocaine. [Citation.]" (*Meza, supra*, 38 Cal.App.4th at p. 1748.) Therefore, "defendants who knowingly possess controlled substances are strictly liable for any weight enhancement regardless of their knowledge of the quantity." (*Ibid.*)

The federal courts follow the same practice. Where federal statutes provide for increased penalties for illegal drugs exceeding weight limits, there is no requirement that the defendant knew how much the drugs weighed. (*U.S. v. Velasquez* (2d Cir. 1994) 28 F.3d 2, 4–5; *U.S. v. Klein* (9th Cir. 1988) 860 F.2d 1489, 1494–1495, disapproved on other grounds in *U.S. v. Nordby* (9th Cir. 2000) 225 F.3d 1053, 1059.)

Defendant attempts to distinguish these decisions because they involve penalty enhancements for acts which are already criminal, while the weight requirement in section 11360 is an element of the crime. We are not persuaded. For federal constitutional purposes, an enhancement is the functional equivalent of an element when it increases the maximum authorized sentence for the underlying offense. (*People v. Seel* (2004) 34 Cal.4th 535, 546–547 [21 Cal.Rptr.3d 179, 100 P.3d 870].) Defendant committed the offense of transportation of marijuana—transporting a substance he knew was marijuana with the knowledge of its nature as a controlled substance. Whether he transported more or less than 28.5 grams of marijuana does not go to whether he violated section 11360, but merely determines how much he will be punished.

█ "In other words, because it is unlawful to distribute illicit drugs regardless of the amount or location, the accused, by participating in such an illegal transaction, assumes the risk of the enhanced penalties even absent knowledge of the facts bringing his conduct within the enhancement statutes." (*People v. Coria* (1999) 21 Cal.4th 868, 880 [89 Cal.Rptr.2d 650, 985 P.2d 970].) █ Following *Meza, supra*, 38 Cal.App.4th 1741, and the federal authority, we conclude that knowledge of the weight of the marijuana is not an element of the offense defined by section 11360, and the court properly instructed the jury with CALCRIM No. 2361.

In essence, defendant's argument asks us to insert language into section 11360. Rewriting a statute is always, at best, risky business. In this case, we

see no reason in law or equity to rewrite section 11360 so as to require a defendant to have knowledge that the amount of marijuana transported was more than 28.5 grams. Needless to say, if the Legislature wishes to add such a requirement to the statute, it knows how to do it.

## II

Defendant also contends the court erred in failing to instruct the jury that the crime of possessing more than 28.5 grams of marijuana requires defendant know the marijuana weighed more than 28.5 grams.

■ Under section 11357, subdivision (c), a defendant who possesses more than 28.5 grams of marijuana is guilty of a misdemeanor punishable by no more than six months in county jail and a fine of up to $500, while possession of a lesser amount is a misdemeanor subject to a $100 fine (§ 11357, subd. (b)). The jury was instructed with CALCRIM No. 2375, which states the defendant must know he possessed marijuana and its nature as a controlled substance, but does not require the defendant to know the marijuana weighed more than 28.5 grams.

■ This contention parallels his claim regarding the instructions on section 11360. Like transporting marijuana, possessing marijuana is illegal. How much it weighs merely affects the penalty, and we decline to extend a knowledge requirement to this part of the offense.

## III

Defendant contends that his conviction for possession of marijuana should be vacated because it is a lesser included offense of transportation of marijuana when the defendant is prosecuted as an aider and abettor. Not so.

■ A defendant cannot stand convicted of both a greater and a necessarily included offense for a single act or course of conduct. (*People v. Ortega* (1998) 19 Cal.4th 686, 692 [80 Cal.Rptr.2d 489, 968 P.2d 48].) "In deciding whether multiple conviction is proper, a court should consider only the statutory elements." (*People v. Reed* (2006) 38 Cal.4th 1224, 1229 [45 Cal.Rptr.3d 353, 137 P.3d 184].) Under the elements test, "if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former. [Citations.]" (*People v. Lopez* (1998) 19 Cal.4th 282, 288 [79 Cal.Rptr.2d 195, 965 P.2d 713].)

■ In *Rogers, supra*, 5 Cal.3d 129, the defendant contended that acquittal of a charge of possession of marijuana precluded a conviction for transportation of marijuana. (*Rogers, supra*, 5 Cal.3d at p. 131.) The court rejected the

argument, stating: "Although possession [(which the court had observed could be either actual or constructive)] is commonly a circumstance tending to prove transportation, it is not an essential element of that offense and one may 'transport' marijuana or other drugs even though they are in the exclusive possession of another." (*Id.* at p. 134, fn. omitted.)

Defendant argues: "Because it is not possible to transport marijuana in the possession of another, without being at least guilty of possession through an aiding and abetting theory, possession is a lesser-included offense of transportation." His argument is premised on a flawed understanding of both the crime of possession of a controlled substance and of aider and abettor liability.

"The essential elements of the offense of unlawful possession of a controlled substance are actual or constructive possession in an amount sufficient to be used as a controlled substance with knowledge of its presence and its nature as a controlled substance. . . . [¶] Actual or constructive possession is the right to exercise dominion and control over the contraband or the right to exercise dominion and control over the place where it is found. [Citation.] Exclusive possession is not necessary. A defendant does not avoid conviction if his right to exercise dominion and control over the place where the contraband was located is shared with others." (*People v. Rushing* (1989) 209 Cal.App.3d 618, 621–622 [257 Cal.Rptr. 286].)

" 'A person aids and abets the commission of a crime when he . . . , (i) with knowledge of the unlawful purpose of the perpetrator, (ii) and with the intent or purpose of committing, facilitating or encouraging commission of the crime, (iii) by act or advice, aids, promotes, encourages or instigates the commission of the crime.' [Citations.]" (*People v. Hill* (1998) 17 Cal.4th 800, 851 [72 Cal.Rptr.2d 656, 952 P.2d 673].)

A defendant who agrees to act as a driver for a person who already has sole dominion and control over a controlled substance aids and abets the transportation of the substance, but does not aid and abet that person's possession of the controlled substance. The continuing offense of possession is separate from the agreement to transport the substance; a defendant's decision to act as a driver does not promote, encourage, or facilitate the crime of possession.

While the two crimes are often committed together, *Rogers, supra,* 5 Cal.3d 129, holds that one can commit the crime of transportation without possessing the controlled substance. The existence of aider and abettor liability does not distinguish *Rogers,* which we are bound to follow. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

## IV

Defendant's final contention is his conviction for possessing more than 28.5 grams of marijuana must be reversed because there is insufficient evidence to show he exercised dominion and control over the marijuana. His contention has no merit.

" 'To determine sufficiency of the evidence, we must inquire whether a rational trier of fact could find defendant guilty beyond a reasonable doubt. In this process we must view the evidence in the light most favorable to the judgment and presume in favor of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence. To be sufficient, evidence of each of the essential elements of the crime must be substantial and we must resolve the question of sufficiency in light of the record as a whole.' " (*People v. Carpenter* (1997) 15 Cal.4th 312, 387 [63 Cal.Rptr.2d 1, 935 P.2d 708], quoting *People v. Johnson* (1993) 6 Cal.4th 1, 38 [23 Cal.Rptr.2d 593, 859 P.2d 673].)

"Constructive possession occurs when the accused maintains control or a right to control the contraband; possession may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused and subject to his dominion and control, or to the joint dominion and control of the accused and another. [Citation.] [¶] The elements of unlawful possession may be established by circumstantial evidence and any reasonable inferences drawn from such evidence. [Citations.]" (*People v. Williams* (1971) 5 Cal.3d 211, 215 [95 Cal.Rptr. 530, 485 P.2d 1146].) "The inference of dominion and control is easily made when the contraband is discovered in a place over which the defendant has general dominion and control: his residence [citation], his automobile [citation], or his personal effects [citation]." (*People v. Jenkins* (1979) 91 Cal.App.3d 579, 584 [154 Cal.Rptr. 309].)

The bag containing 95.5 grams of marijuana found in the center console of defendant's car was immediately accessible to defendant, the driver. Defendant acknowledged the presence of marijuana, which he would share with Cooper upon their return to Pacifica. While the jury's verdict agreed with some of defendant's story—acquitting him of the methamphetamine and possession for sale charges as well as the gun enhancements—the jury did not have to accept all of his testimony. There is substantial evidence to support the inference that defendant exercised joint dominion and control with Cooper over the marijuana in the center console.

## DISPOSITION

The judgment is affirmed.

Raye, J., and Cantil-Sakauye, J., concurred.

A petition for a rehearing was denied August 24, 2010, and appellant's petition for review by the Supreme Court was denied November 17, 2010, S185916.