Filed 7/11/14  P. v. Leisure CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

| | |
|---|---|
| THE PEOPLE, | C072770 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F052B) |
| v. | |
| VALERIE LYNN LEISURE, | |
| Defendant and Appellant. | |

A jury found defendant Valerie Lynn Leisure guilty of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)), possession of ammunition by a felon (Pen. Code, § 30305, subd. (a)(1)), and possession of controlled substance paraphernalia. (Health & Saf. Code, § 11364, subd. (a).)  The firearms and ammunition were discovered in a motor home parked next to the shed in which she was living.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2012, sheriff's deputies served a search warrant for codefendant Charles French at 1883 Morgan Hill Road in Trinity County. The property, consisting of approximately 10 acres, belonged to French's sister, Tasha Camarena. Camarena lived in a trailer on the upper section of the property, and defendant and French lived in a converted shed or garage in the lower part of the property. Next to the shed on the lower section was a pad where a house had been before it burned down, and several trailers, cars, and a yellow Dodge van-style motor home and an SUV. Officers found a woman named Julie Woolum living in one of the trailers. Woolum was arrested on an outstanding warrant.

Defendant was in the converted shed when the officers arrived. Inside this residence, officers found a small amount of methamphetamine, one glass methamphetamine pipe, and another glass methamphetamine pipe that was stuck inside a marijuana pipe. The methamphetamine was located inside a cigarette case etched with the word "Dink" or "Dinky." Dinky was French's nickname.

One of the officers asked defendant where to find the keys to the Dodge. She directed him to them, and he retrieved them. The keys to the Dodge van had French's initials (CF) engraved on them. After locating the keys to the Dodge van, officers searched it, and found nine firearms, an assortment of ammunition matching the type of firearms found, and a large Rubbermaid tote containing packaged marijuana. A pellet gun was also removed from the van, which defendant identified as being hers. There was also some paperwork in the Dodge addressed to French. It was dated approximately a year and a half prior to the search. Defendant appeared familiar with some of the weapons found in the Dodge, and knew they were in the vehicle. She appeared surprised that some of the other guns were there. She said she was surprised at the marijuana because she said French did not smoke marijuana. French testified he had never seen any

2

of the firearms found in the Dodge, never seen the ammunition, and never seen the marijuana.

French was not on the property when the officers searched. He received a text message shortly before the search, indicating "cops on the way." He left without saying where he was going.

Officer Omar Brown testified that he had previously served a search warrant at the property in 2007. At that time defendant and French had been living together at the house on the property before it burned down.

The jury found defendant guilty of: count 1, possession of a controlled substance (methamphetamine); count 2, possession of a firearm, having been convicted of a felony; count 3, possession of ammunition, having been convicted of a felony; and count 4, possession of controlled substance paraphernalia, a misdemeanor. The trial court suspended defendant's sentence and placed her on probation for a term of three years, with 180 days in county jail.

Defendant's probation was revoked when she failed to report to the county jail to schedule her jail time and failed to report to her probation officer.

## DISCUSSION

Defendant's sole contention on appeal is there was not substantial evidence to support her convictions for being a felon in possession of firearms and ammunition. In particular, she argues there was insufficient evidence that she knowingly and intentionally possessed the firearms and ammunition.

"On appeal, we review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence--that is, evidence that is reasonable, credible, and of solid value--from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] In cases in which the People rely primarily on circumstantial evidence, the standard of review is the same." (*People v. Thomas* (1992) 2 Cal.4th 489, 514.)

3

Criminal liability for possession may be based upon either actual or constructive possession. (*People v. Thomas* (2012) 53 Cal.4th 1276, 1284.) Actual or constructive possession includes the right to exercise dominion and control over the object, or the right to exercise dominion and control over the place where the object is found. (*People v. Busch* (2010) 187 Cal.App.4th 150, 161.) Possession need not be exclusive, but may be shared with others. (*Ibid*.)

There were sufficient facts from which the jury could have drawn an inference that defendant exercised dominion and control over the weapons and ammunition, or the right to exercise dominion and control over the contents of the Dodge where the weapons and ammunition were found. These facts are: (1) she admitted the pellet gun was hers, and it was found with the other guns; (2) she knew where the key to the Dodge was kept; (3) she was familiar with at least one of the other firearms found in the Dodge; (4) she had been living on the property with French since at least 2007, and there was evidence she had lived with French on and off since 1993.

All of these facts, taken together, were sufficient to justify the jury's finding that defendant had the right to exercise dominion and control over the weapons and ammunition, or the right to exercise dominion and control over the Dodge where they were found.

The same facts were sufficient to justify the jury's finding that defendant knew the weapons and ammunition were in the Dodge. In addition, Officer Brown testified it was his impression in observing her during the search that she knew the guns were in the Dodge, even though she told him she was not allowed in it. The jury was entitled to disbelieve defendant's testimony on her own behalf that she had never seen guns or ammunition in the Dodge, and that she was not allowed to go inside it. The jury was also entitled to disbelieve defendant's testimony that she had an aversion to guns, especially in light of her testimony that she was a very good shot and could outshoot her brothers.

4

DISPOSITION

The judgment is affirmed.

                                               BLEASE            , Acting P. J.

We concur:

     MAURO            , J.

     DUARTE          , J.