Filed 8/25/20  P. v. Mobley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C089802 |
| v. | (Super. Ct. No. 16F3035) |
| DONALD JAMES MOBLEY, | |
| Defendant and Appellant. | |

A jury found defendant Donald James Mobley guilty of possessing two assault weapons.  Earlier, during the presentation of defendant's evidence at trial, defendant moved for judgment of acquittal, arguing the prosecution's evidence was insufficient to establish that he possessed the weapons or that he had knowledge of the characteristics that made the guns illegal.  The trial court denied the motion and ultimately sentenced defendant to one year four months, suspended execution of the sentence for three years, and placed defendant on probation.

Defendant now reiterates his contention that the prosecution's evidence was insufficient as to his possession and knowledge. Finding that substantial evidence supports the denial of the motion and the jury's verdicts, we will affirm the judgment.

BACKGROUND

As relevant to this appeal, the People charged defendant with two counts of possessing an assault weapon (Pen. Code, § 30605, subd. (a))[1] based on his alleged possession of an AR-15 and an AK-47. At trial, the prosecutor called two witnesses. A sheriff's deputy described the search of defendant's house. During the search deputies found a gun safe in the master bedroom, about five feet from the bed. The safe contained eight guns, including an AK-47 and an AR-15 with a 30-round magazine attached. Officers found numerous rounds of ammunition and other guns around the house including a semiautomatic pistol next to the bed in the master bedroom, two shotguns in the living room, and a revolver in a second bedroom.

Section 30605, subdivision (a) makes it a criminal offense to possess an assault weapon. At the time of defendant's offense, the definition of an assault weapon included a semiautomatic, centerfire rifle with the capacity to accept a detachable magazine and a pistol grip that protrudes conspicuously beneath the action of the weapon. The definition also included a semiautomatic, centerfire rifle with a fixed magazine having the capacity to accept more than 10 rounds. (Former § 30515, subd. (a)(1)(A), (2).) The prosecution presented the testimony of a sheriff's deputy and weapons expert who had participated in the search. He testified that when he first looked in the gun safe, the AR-15 and AK-47 stood out to him. After closer inspection, he confirmed both weapons met the definition of an assault weapon under California law. The expert explained to the jury that a centerfire rifle has a firing pin that hits a primer in the middle of a centerfire bullet, and in

_____

[1] Undesignated statutory references are to the Penal Code.

this case both guns were centerfire rifles. The AR-15 had a fixed 30-round magazine attached to it permitting the gun to accept more than the 10-round limit, making it an assault weapon. And the expert said the AK-47 had a detachable magazine and a conspicuously protruding pistol grip, making it an assault weapon. Throughout his testimony, the expert pointed to photographs of the two guns to show the jury the features he described.

Defendant called three witnesses. The first two witnesses discussed a charity that defendant had co-founded. The charity held events once a month with activities including barbequing and shooting guns. The shooting took place about a half-mile from defendant's house and involved the guns from the safe. The first witness, L.B., testified he never saw defendant participate in the shooting and never saw defendant handle the guns from the safe. The second witness, J.S., supervised the shooting range at the events and testified he made sure everybody followed the law, including using the appropriate magazines and not using automatic weapons. Defendant's wife would bring J.S. the guns from the safe and J.S. said he never saw defendant access the safe or handle the weapons.

Before defendant presented his final witness, he moved for judgment of acquittal pursuant to section 1118.1, arguing the prosecution's evidence was insufficient to prove defendant possessed the weapons or that he knew or reasonably should have known the characteristics making them assault weapons. The trial court denied the motion, finding that the evidence up to that point had established that defendant had joint control of the weapons in the house and should have known the characteristics making the guns assault weapons.

Defendant then presented his third witness, his wife T.B., who testified that all the guns in the house were hers and she was the only one with access to the safe. She kept the only key to the gun safe in her purse. According to T.B., the AR-15 was used only during the charity events and the AK-47 was never fired. She acknowledged that defendant oversaw the charity events.

3

The jury found defendant guilty on both counts and the trial court sentenced him to one year four months, but suspended execution of sentence for three years and placed defendant on probation.

## DISCUSSION

Defendant contends the prosecution's evidence was insufficient to establish that he possessed the weapons or that he had knowledge of the characteristics that made the guns illegal.

### A

We review the record in the light most favorable to the judgment to determine whether it discloses substantial evidence. (*People v. Snow* (2003) 30 Cal.4th 43, 66.) Substantial evidence is evidence that is "reasonable, credible and of solid value -- from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*Ibid.*) From the evidence, we draw all inferences supporting the jury's verdict. (*People v. Olguin* (1994) 31 Cal.App.4th 1355, 1382.) Before the judgment can be set aside for insufficient evidence, "it must clearly appear that on no hypothesis whatever is there sufficient substantial evidence to support the verdict of the jury." (*People v. Hicks* (1982) 128 Cal.App.3d 423, 429.)

"In determining whether the evidence was sufficient either to sustain a conviction or to support the denial of a section 1118.1 motion, the standard of review is essentially the same." (*People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1182, abrogated on other grounds by *People v. Rangel* (2016) 62 Cal.4th 1192, 1216.) "Notably, however, '[r]eview of the denial of a section 1118.1 motion made at the close of a prosecutor's case-in-chief focuses on the state of the evidence as it stood at that point.' " (*Hajek and Vo*, at p. 1183.)

Although defendant only discusses the prosecution's evidence, our review is not so limited. We examine, for substantial evidence, the entire record in reviewing the sufficiency of the evidence to support the jury verdict, and we examine the evidence

admitted at the time of the motion for judgment of acquittal in reviewing the sufficiency of the evidence to support denial of the motion.

B

Possession of a firearm can be actual or constructive. Although a defendant has actual possession when the weapon is in his or her immediate possession or control, i.e., when he or she is actually holding or touching it (*People v. Bay* (2019) 40 Cal.App.5th 126, 132), dominion and control may be inferred when the contraband is discovered in a place over which the defendant has general dominion and control, such as his or her residence, automobile, or personal effects (*People v. Jenkins* (1979) 91 Cal.App.3d 579, 584). Dominion and control may also be inferred when the contraband is immediately accessible. (*People v. Miranda* (2011) 192 Cal.App.4th 398, 410.)

Criminal possession laws require both "knowledge of the object's existence and of one's control over it" and "a degree of scienter regarding the character of the firearm." (*In re Jorge M.* (2000) 23 Cal.4th 866, 885, italics omitted.) The latter is established if the "the defendant knew or reasonably should have known the firearm possessed the characteristics" making it an assault weapon. (*Id*. at p. 887, italics omitted.) For this element, the California Supreme Court explained: "[B]ecause of the general principle that all persons are obligated to learn of and comply with the law, in many circumstances a trier of fact properly could find that a person who knowingly possesses a semiautomatic firearm reasonably should have investigated and determined the gun's characteristics. The exceptional cases in which the salient characteristics of the firearm are extraordinarily obscure, or the defendant's possession of the gun was so fleeting or attenuated as not to afford an opportunity for examination, would appear to be instances of largely innocent possession that . . . the Legislature presumably did not intend to be subject to felony punishment." (*Id*. at p. 885.) "The question of the defendant's knowledge or negligence is, of course, for the trier of fact to determine, and depends heavily on the individual facts establishing possession in each case." (*Id*. at pp. 887-888.)

5

## C

The trial court's denial of defendant's motion for judgment of acquittal is supported by substantial evidence. The trial court reasonably concluded defendant possessed the two guns. The prosecutor's evidence established the weapons were kept at defendant's house in his bedroom five feet from his bed. Defendant's general dominion and control of his house and the close proximity of the guns permits a reasonable inference defendant constructively possessed the guns. (See *People v. Busch* (2010) 187 Cal.App.4th 150, 162 [finding driver possessed marijuana found in the car even where a passenger may have had joint control].) Though L.B. and J.S. testified never seeing defendant handle the guns, they were not always present at defendant's house and the jury could have disbelieved their testimony.

There is also ample evidence defendant should have known the illegal characteristics of the two guns. The characteristics were visible and readily discernable. The AR-15 magazine could hold 30 rounds, three times the legal limit, and the AK-47 had a detachable magazine with a conspicuously protruding pistol grip. Both guns were centerfire rifles, which is distinguishable by its firing pin. The expert was able to show those features from photographs of the guns. The expert also testified that, when he looked in the safe, the two guns were immediately noticeable to him as possibly illegal. The numerous weapons in defendant's home indicate general firearm knowledge and further supports knowledge of the illegal characteristics.

Defendant had opportunity to investigate the illegal nature of the AR-15 and AK-47. He knew the guns were removed monthly to be used at events he oversaw. The evidence supports a determination this was not an exceptional case in which the salient characteristics of the weapons were extraordinarily obscure justifying a departure from the general principal that defendant was obligated to learn and comply with the law. There is substantial evidence supporting the trial court's denial of defendant's motion.

Substantial evidence also supports the jury's verdict for the same reasons, and the addition of T.B.'s testimony reinforces this conclusion.  Her testimony supports knowledge and possession because she confirmed the guns were routinely removed from the safe for events defendant oversaw.  In addition, the jury could have disbelieved her testimony that she was the only one who accessed the safe and instead reasonably relied on defendant's general control of the house.  Defendant's contentions lack merit.

DISPOSITION

The judgment is affirmed.


      /S/                 
MAURO, J.

We concur:


     /S/                
RAYE, P. J.


     /S/                
RENNER, J.

7