Filed 12/10/21  In re S.R. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| IN RE S.R., a Person Coming Under the Juvenile Court Law. _____ THE PEOPLE OF THE STATE OF CALIFORNIA,   Plaintiff and Respondent, v. S.R.,   Defendant and Appellant. | 2d Juv. No. B307875 (Super. Ct. No. YJ40619) (Los Angeles County) ORDER MODIFYING OPINION AND DENYING REHEARING (NO CHANGE IN JUDGMENT) |

THE COURT:

The opinion in the above-entitled matter filed on November 16, 2021, is modified as follows:

1.  Footnote 1 is deleted.

2.  On page 2, the first full paragraph beginning "Appellant was the driver" is deleted and replaced with the following:

Appellant was the driver of a vehicle stopped for a traffic violation.  After appellant admitted that marijuana was in the vehicle, officers searched the interior of the vehicle and found a loaded semiautomatic firearm under the front passenger seat and containers of marijuana in the center console.

3.  On page 3, in the second full paragraph, the second sentence beginning "Brian Ortiz" is deleted and replaced with the following:

Brian Ortiz, who was 21 years old, was in the front passenger seat and minor E.V., who initially gave a false name, was in the back seat.

This modification does not change the judgment.

Appellant's petition for rehearing is denied.

GILBERT, P.J.    PERREN, J.    TANGEMAN, J.

2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| IN RE S.R., a Person Coming Under the Juvenile Court Law. _____ THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff and Respondent, v. S.R., Defendant and Appellant. | 2d Juv. No. B307875 (Super. Ct. No. YJ40619) (Los Angeles County) |

S.R. appeals the juvenile court's order sustaining a wardship petition following appellant's admission that he carried a concealed firearm in a vehicle (Pen. Code, § 25400, subd. (a)(1); Welf. & Inst. Code, § 602).  The court declared the offense a misdemeanor, placed appellant home on probation, and set one

year as his maximum term of confinement.  Appellant contends the court erred in denying his motion to suppress the firearm because it was obtained during an unlawful warrantless search of his vehicle.  We affirm.

## FACTUAL AND PROCEDURAL HISTORY[1]

Appellant was the driver of a vehicle stopped for a traffic violation.  After appellant admitted that marijuana was in vehicle, officers searched the interior of the vehicle and found two loaded semiautomatic firearms under the front passenger seat and numerous glass containers of marijuana in the center console.  In the trunk officers found numerous packages filled with marijuana, a loaded rifle, bases for vape cartridges, and a money counter.  The police also found receipts for a storage locker and a residential vacation rental property in West Los Angeles.  In the storage locker, officers found individually wrapped and sealed packages containing a total of nine pounds of marijuana.  An additional 4,287.2 grams of marijuana was found at the vacation rental property along with scales, vape oil and cartridges, smoking devices, and other items.

Appellant was subsequently charged in a section 602 petition with possession of a controlled substance with a firearm

---

[1] The introductory factual summary is derived from the preplea probation report.  In his reply brief, appellant contends we "should not consider any material derived from the probation report in reviewing the propriety of the juvenile court's denial of appellant's suppression motion."  Although we do not consider anything in the probation report for this purpose, we set forth the historical facts to give full context to the offenses appellant was charged with committing.

(Health & Saf. Code,[2] § 11370.1, subd. (a); count 1), and carrying a concealed firearm in a vehicle.  Appellant moved to suppress the firearm (Welf. & Inst. Code, § 700.1) on the ground it was obtained during an unlawful warrantless search of his vehicle.[3]  In their written opposition, the People asserted among other things that the search was permissible under the automobile exception to the warrant requirement.

UCLA Police Officer Anthony Hall testified at the suppression hearing.  On the night of August 2, 2020, Officer Hall conducted a traffic stop of appellant's vehicle after he observed appellant drive through a red light, stop in the middle of the intersection, and back up.  As Officer Hall approached appellant's vehicle, he noticed that the vehicle had Arizona license plates.  The officer also noticed the strong odor of marijuana emanating from the vehicle.

When asked to produce his driver's license, appellant replied that he was 16 years old and only had an Arizona driver's permit.  Brian Ortiz was in the front passenger seat and minor E.V., who initially gave a false name, was in the back seat.  Officer Hall asked appellant, Ortiz and E.V. who had been smoking marijuana.  After appellant denied that he had been smoking marijuana, Ortiz admitted doing so.  Officer Hall then asked if there was marijuana in the vehicle.  Appellant and Ortiz both replied that there was marijuana in the cup holder and in

_____

[2] All further undesignated statutory references are to the Health and Safety Code.

[3] Appellant also claimed that the search occurred after an unduly prolonged detention.  This claim is not reiterated on appeal.

3

the center console between the front seats. Appellant began to open the center console, but stopped after Officer Hall ordered him not to reach for anything. Based on his background, training, and experience, Officer Hall concluded that any amount of marijuana in the cup holder could not account for the strong smell of marijuana emanating from the vehicle.

Additional officers arrived and appellant, Ortiz and E.V. were ordered out of appellant's vehicle. During the administration of sobriety tests, appellant acknowledged that he had smoked marijuana within two hours of the traffic stop. Based on his observations, Officer Hall believed that appellant had actually smoked marijuana within the previous hour. The officer nevertheless concluded there were not enough objective indicators to arrest appellant for driving under the influence of marijuana because the officer was unable to determine whether appellant's ability to drive had been sufficiently affected by his consumption of the drug.

After speaking on the telephone with appellant's mother, Officer Hall conducted a search of appellant's vehicle "[t]o continue [his] investigation for the minor being in possession of marijuana." After checking the front passenger door pocket and floorboard, the officer looked under the front passenger seat and saw a semiautomatic firearm with an extended magazine. Officer Hall then stopped the search and handcuffed appellant, Ortiz, and E.V., who were sitting on the curb.

Appellant's mother Roxanna R. testified on his behalf at the suppression hearing. When Roxanna spoke to Officer Hall on the telephone, she said she had rented appellant's vehicle for him and had given the officer permission to release appellant to Ortiz.

4

At the conclusion of the hearing, the court denied the motion to suppress. The court concluded among other things that the totality of the circumstances, including appellant's age and the strong odor of marijuana emanating from the vehicle, gave Officer Hall probable cause to search the vehicle for unlawful marijuana possession. The court reasoned: "[T]here [were] a lot of things going on that night. We've got a minor who is unlicensed, out-of-state plates, we've got marijuana in the car, an individual who provides a fake name, purportedly. And so I believe that there was sufficient probable cause to enter that vehicle, at which point the officer observed the firearm. So I am going to deny the defense motion at this time."

## DISCUSSION

Appellant contends the juvenile court erred in denying his motion to suppress the firearm because it was found during an unlawful warrantless search of his vehicle. We are not persuaded.

In reviewing the court's ruling on appellant's motion to suppress, "'we rely on the . . . court's express and implied factual findings, provided they are supported by substantial evidence, to independently determine whether the search was constitutional. [Citation.] "Thus, while we ultimately exercise our independent judgment to determine the constitutional propriety of a search or seizure, we do so within the context of historical facts determined by the trial court." [Citation.] It is the [lower] court's role to evaluate witness credibility, resolve conflicts in the testimony, weigh the evidence, and draw factual inferences. [Citation.] We review those factual findings under the deferential substantial evidence standard, considering the evidence in the light most favorable to the trial court's order.' [Citation.]" (*People v. Sims*

(2021) 59 Cal.App.5th 943, 950; see also, e.g., *In re Lennies H.* (2005) 126 Cal.App.4th 1232, 1236 [recognizing that the standard of review of a trial court's ruling on a suppression motion also applies in juvenile court proceedings].)

"'Warrantless searches are presumed to be unreasonable, therefore illegal, under the Fourth Amendment, subject only to a few carefully delineated exceptions.' [Citation.]" (*People v. Sims*, *supra*, 59 Cal.App.5th at p. 950.) Under the automobile exception, "'"police who have probable cause to believe a lawfully stopped vehicle contains evidence of criminal activity or contraband may conduct a warrantless search of any area of the vehicle in which the evidence might be found."' [Citations.]" (*Ibid.*) Probable cause in this context "'exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found . . . ." [Citation.] In determining whether a reasonable officer would have probable cause to search, we consider the totality of the circumstances.' [Citation.]" (*Id.* at p. 951) "[When] officers have probable cause that a lawfully stopped vehicle contains evidence of criminal activity or contraband, such probable cause 'alone satisfies the automobile exception to the Fourth Amendment's warrant requirement . . . .' [Citation.]" (*Id.* at p. 952.)

Since the 2016 passage of Proposition 64, "it has been legal for persons 21 years of age and older to possess and transport small amounts (up to 28.5 grams) of marijuana." (*People v. Hall* (2020) 57 Cal.App.5th 946, 948, fn. omitted, citing § 11362.1, subd. (a)(1).) Section 11362.1, subdivision (c) further provides that "[c]annabis and cannabis products involved in any way with conduct deemed lawful by this section are not contraband nor

6

subject to seizure, and no conduct deemed lawful by this section shall constitute the basis for detention, search, or arrest."

"The use and possession of marijuana is not unconditional, however; there are various statutory provisions proscribing such use and possession in certain circumstances." (*People v. Johnson* (2020) 50 Cal.App.5th 620, 625-626 (*Johnson*).) As relevant here, it is still unlawful for a person under the age of 21 to possess or consume *any* amount of marijuana. (§§ 11362.1, subd. (a)(4), 11362.45, subd. (c).) It is also remains unlawful for any person to smoke or ingest marijuana while driving or riding in a vehicle. (§ 11362.3, subds. (a)(7) & (8).) It is thus clear that "section 11362.1, subdivision (c) does not apply when the totality of the circumstances gives rise to a fair probability that an existing marijuana regulation was violated when the search occurred." (*Johnson*, at p. 626.)

Here, the totality of the circumstances gave Officer Hall probable cause to believe that appellant's vehicle contained evidence of his unlawful use and/or possession of marijuana. Indeed, appellant—who was 16 years old—admitted that marijuana was in his vehicle within his reach and that he had recently smoked the drug. Although appellant notes that Ortiz could lawfully possess up to 28.5 grams of marijuana and told the officer that he had been smoking marijuana, the officer could reasonably conclude that appellant had at least joint possession of the marijuana that he acknowledged was in his vehicle. (See, e.g., *People v. Busch* (2010) 187 Cal.App.4th 150, 162 [evidence supported finding that defendant jointly possessed marijuana with front seat passenger where it was "found in the center console of defendant's car [and] was immediately accessible to defendant, the driver" and the defendant admitted knowing the

7

drugs were present].) Because "the totality of the circumstances [gave] rise to a fair probability that an existing marijuana regulation was violated when the search occurred," subdivision (c) of section 11362.3 does not apply. (*Johnson, supra*, 50 Cal.App.5th at p. 626.) Accordingly, appellant's motion to suppress was properly denied.[4]

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P.J.

TANGEMAN, J.

---

[4] In light of our conclusion, we do not address appellant's alternative contention that the search of his vehicle cannot be upheld as a search incident to his arrest for unlawful possession of marijuana. (See *People v. Williams* (1976) 16 Cal.3d 663, 667, superseded by statute on other grounds as stated in *People v. Martinez* (2003) 113 Cal.App.4th 400, 408 ["We do not reach constitutional questions unless absolutely required to do so to dispose of the matter before us"].)

J. Christopher Smith, Judge
Superior Court County of Los Angeles

_____

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.