Filed 12/18/24  P. v. Lopez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099988 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE009613) |
| v. | |
| CARLOS OMAR LOPEZ, | |
| Defendant and Appellant. | |

A jury convicted defendant Carlos Omar Lopez of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1))[1] and possession of ammunition by a felon (§ 30305, subd. (a)(1)).  A jury also found true the allegations that he had a prior strike conviction and served a prior prison term.

On appeal, Lopez contends his conviction for possession of a firearm by a felon is not supported by substantial evidence.  We disagree and thus affirm.

---

[1]     Undesignated statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2023, Lopez was dating and living with his girlfriend, Guadalupe. One night, while Lopez and Guadalupe were in their kitchen, he told her that he was "tired of [her] BS and [her] attitude." Then, Lopez went behind Guadalupe and placed the dull side of a knife against her neck for approximately four seconds. After more arguing, Lopez grabbed Guadalupe's neck with his right hand and squeezed with pressure for a few seconds.

The following day, Guadalupe told Lopez she wanted to end their relationship and move out of state. After she told a coworker on the phone about the incident, the coworker told her to call the police. Lopez overheard that Guadalupe would call the police. Lopez then sent a voice message to someone. In the message, Lopez said, "You already know what to do, if I don't pick up the phone, to the [*sic*] two addresses that I sent you." Guadalupe saw that Lopez had texted her parents' address and the address where her children lived. Lopez then told Guadalupe that he was going to his storage unit "[t]o get his guns." After Lopez left the room, Guadalupe called the police.

Guadalupe had previously been to Lopez's storage unit. She saw Lopez unlock the storage unit with keys in his possession. While in the storage unit, she saw "[g]uns." Specifically, she saw "a very long rifle," a "black handgun," and other firearms in a "black luggage bag." Afterward, she asked Lopez why he had "so many guns." He responded that they were "for protection."

During a search of the storage unit, police found mail addressed to Lopez and an empty box for a rifle scope. Police also found an unloaded rifle.

The manager of the storage facility confirmed that Lopez signed a rental agreement for a storage unit in January 2023. The manager had seen Lopez at the storage facility about three times. Additionally, the manager testified that each renter has a gate code, and the system records when a renter enters the facilities. According to computer

2

records, Lopez's code was used to enter the facility on the night of the incident at 9:04 p.m. and again to leave at 9:11 p.m.

The jury found Lopez guilty of being a felon in possession of a firearm and a felon in possession of ammunition. The trial court sentenced Lopez to a term of five years four months under the "Three Strikes" law. (§§ 667, subds. (b)-(i), 1170.12.)

Lopez filed a timely notice of appeal.

## DISCUSSION

Lopez's sole contention on appeal is there was not substantial evidence to support his conviction for being a felon in possession of a firearm. In particular, he argues there was insufficient evidence that he knowingly and intentionally possessed the rifle, where the evidence suggested he went to the storage unit to gather all his guns yet left one rifle behind. He contends that because this defies logic, his possession of the rifle was more accidental than willful.

A. *Standard of Review*

Where the sufficiency of evidence is challenged on appeal, we review the record in the light most favorable to the judgment to determine whether it discloses substantial evidence. (*People v. Snow* (2003) 30 Cal.4th 43, 66.) Substantial evidence is evidence that is "reasonable, credible and of solid value — from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*Ibid*.) We draw all reasonable inferences in favor of the judgment. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.) We will not set aside a judgment for insufficient evidence unless it clearly appears "that on no hypothesis whatever is there sufficient substantial evidence to support the verdict of the jury." (*People v. Hicks* (1982) 128 Cal.App.3d 423, 429.) This standard applies even for a conviction based largely on circumstantial evidence. (*People v. Redrick* (1961) 55 Cal.2d 282, 289.)

3

B. *Analysis*

Possession of a firearm under section 29800, subdivision (a)(1) includes the following elements:  "(1) the defendant possessed a firearm, (2) the defendant knew that he possessed the firearm, and (3) the defendant had previously been convicted of a felony." (*People v. Clark* (2021) 62 Cal.App.5th 939, 958.)  " 'Implicit in the crime of possession of a firearm is that a person is aware both that the item is in his or her possession and that it is a firearm.' " (*Ibid.*)  Possession may be physical (actual) or constructive.  (*People v. Miranda* (2011) 192 Cal.App.4th 398, 410.)  Actual or constructive possession includes the right to exercise dominion and control over the object or the right to exercise dominion and control over the place where the object is found.  (*People v. Busch* (2010) 187 Cal.App.4th 150, 161; accord *In re Charles G.* (2017) 14 Cal.App.5th 945, 951 [possession "encompasses having a weapon in one's bedroom or home or another location under his or her control, even when the individual is not present at the location"].)  Possession need not be exclusive but may be shared with others.  (*Busch*, at p. 161.)

There were sufficient facts from which the jury could have drawn an inference that Lopez knew about the firearms and exercised dominion and control over them, as they were stored in his storage unit.  The manager of the storage unit facility confirmed that Lopez leased the storage unit and was present at the facility on multiple occasions.  Lopez's girlfriend also testified that he had unlocked the storage unit and showed the unit to her.  The police also found pieces of mail with Lopez's name in the storage unit.  Based on this evidence, a reasonable jury could have concluded that Lopez had control of the storage unit, which is a sufficient basis upon which to impute constructive possession. (See *People v. Williams* (1971) 5 Cal.3d 211, 215 ["possession may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused and subject to his dominion and control"].)

4

Moreover, Lopez's girlfriend had also seen a rifle while at the storage unit with him. The rifle was with other guns in a black luggage bag. When she asked Lopez why he had "so many guns," Lopez acknowledged their existence and said that the guns were for his protection. Also, after Lopez told his girlfriend that he was going to retrieve his guns, he went to the storage unit that same night. This further demonstrates Lopez's knowledge that he had guns in his storage unit. This evidence reasonably supports the inference that Lopez knew he possessed the firearm.

Indeed, Lopez does not point to any evidence showing that he shared the storage unit with someone else or that other people had access to the unit. In making all reasonable inferences in favor of the judgment, based on the evidence, it could be inferred that the unit and the belongings in it were his.

Accordingly, we find substantial evidence supports Lopez's convictions for possession of a firearm.

## DISPOSITION

The judgment is affirmed.

_____/s/_____
EARL, P. J.

We concur:

_____/s/_____
RENNER, J.

_____/s/_____
KRAUSE, J.