Filed 12/27/24  P. v. Madden CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN MADDEN,<br><br>Defendant and Appellant. | B330735<br>(Los Angeles County<br>Super. Ct. No. TA156451) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Allen Joseph Webster, Jr., Judge. Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Defendant and appellant Jonathan Madden (defendant) appeals from a judgment entered on a jury verdict finding him guilty of unlawful possession of a firearm under Penal Code section 29800, subdivision (a)(1).[1] Defendant contends there is insufficient evidence to support the conviction because he did not constructively possess the firearm. We conclude substantial evidence supports the conviction and affirm.

## FACTS AND PROCEDURAL BACKGROUND

### The rifle found in the garage

While investigating a fatal shooting at a Taco Bell in January 2022, the police obtained security footage showing the suspect's vehicle license plate number. The police investigated the license plate number and located the vehicle at 97th Street and McKinley Avenue. Two days later, the police found defendant washing the vehicle in front of a house with another man. Police also saw defendant enter and exit the residence. After washing the vehicle, defendant drove off but the other man remained in front of the house. The police followed defendant, initiated a traffic stop, detained him, and recovered defendant's set of keys and cellphone. The cellphone was registered under defendant's name and at the address of the house where defendant had been observed. The vehicle was registered not to defendant but to Caruso Motors.

The police searched the residence using one of defendant's keys to open the front door. In a bedroom, mail from the Department of Motor Vehicles (DMV) and debit cards with

---

[1]     All undesignated statutory references are to the Penal Code.

2

defendant's identifying information were found. The bedroom also contained several pieces of ammunition, loaded magazines, and a shotgun. In the garage, the police located a rifle near the washing machine and dryer. Cartridges for the rifle were recovered on the side of the house.

The parties stipulated defendant had a prior felony conviction.

**The charges and the jury trial**

Defendant was charged with murder (§ 187, subd. (a); count 1) and attempted murder (§§ 187, subd. (a), 664; counts 2 and 3), plus the allegations he was armed with a semiautomatic handgun in the commission and attempted commission of the offenses (§ 12022.5, subd. (a)). Defendant was also charged with unlawful possession of ammunition (§ 30305, subd. (a)(1); count 4) and unlawful possession of firearms (§ 29800, subd. (a)(1); counts 5-7). It was further alleged defendant sustained two prior serious or violent felony convictions, which qualified as strikes (§§ 667, subd. (d), 1170.12, subd. (b)).

In May 2023, defendant was acquitted of counts 1, 2, 3, and 7, along with the lesser included offenses. Defendant was found guilty of the charges in counts 4 through 6. At sentencing defendant admitted the convictions for the prior strike allegations and aggravating factors. Defendant was sentenced as a second-strike offender and received an eight-year, eight-month sentence, which included the upper term of three years on count 4, doubled to six years for the prior strike, plus 16-month terms on counts 5 and 6 each (one-third the midterm of eight months, doubled to 16 months).

Defendant timely appealed his conviction in count 6 challenging the sufficiency of the evidence that he had possession of the rifle.

## DISCUSSION

### I. Substantial evidence supports defendant's conviction

#### A. *Standard of review*

"In reviewing the sufficiency of the evidence to support a conviction, we determine "'whether from the evidence, including all reasonable inferences to be drawn therefrom, there is any substantial evidence of the existence of each element of the offense charged."'" (*People v. Misa* (2006) 140 Cal.App.4th 837, 842 (*Misa*).) "Under such standard, we review the facts adduced at trial in the light most favorable to the judgment, drawing all inferences in support of the judgment to determine whether there is substantial direct or circumstantial evidence the defendant committed the charged crime." (*Ibid*.) "The test is not whether the evidence proves guilt beyond a reasonable doubt, but whether substantial evidence, of credible and solid value, supports the jury's conclusions." (*Ibid*.)

"'We neither reweigh the evidence nor reevaluate the credibility of witnesses.'" (*In re Charles G.* (2017) 14 Cal.App.5th 945, 957.) "We resolve all conflicts in favor of the judgment and indulge all reasonable inferences from the evidence in support of the judgment." (*People v. Villalobos* (2006) 145 Cal.App.4th 310, 321.) "Unless it is clearly shown that 'on no hypothesis whatever is there sufficient substantial evidence to support the verdict,' the conviction will not be reversed." (*Misa, supra*, 140 Cal.App.4th at p. 842.) "'[R]eversal of the judgment is not warranted simply

4

because the circumstances might also reasonably be reconciled with a contrary finding.'" (*In re Charles G., supra*, at p. 957.)

**B.** ***It is reasonable to infer defendant had constructive possession of the rifle***

Defendant contends there is no substantial evidence supporting his conviction for unlawfully possessing the rifle charged in count 6 because he did not constructively possess the firearm. He argues there is no evidence he had dominion and control over the rifle as his fingerprints were not found on the weapon, he was not seen in the garage near the rifle, and no evidence showed he controlled the entire premises. We disagree.

"Subdivision (a)(1) of section 29800 provides, insofar as relevant here, 'Any person who has been convicted of a felony under the laws of . . . the State of California . . . , and who owns, purchases, receives, or has in possession or under custody or control any firearm is guilty of a felony.' This offense has three elements: (1) the defendant possessed a firearm, (2) the defendant knew that he possessed the firearm, and (3) the defendant had previously been convicted of a felony." (*People v. Clark* (2021) 62 Cal.App.5th 939, 958.)

"'A defendant possesses a weapon when it is under his dominion and control. [Citation.] A defendant has actual possession when the weapon is in his immediate possession or control. He has constructive possession when the weapon, while not in his actual possession, is nonetheless under his dominion and control, either directly or through others.'" (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1052 (*Blakely*).) "To establish constructive possession, the prosecution must prove a defendant knowingly exercised a right to control the prohibited item, either directly or through another person." (*People v. Sifuentes* (2011)

5

195 Cal.App.4th 1410, 1417 (*Sifuentes*), disapproved of on other grounds by *People v. Farwell* (2018) 5 Cal.5th 295, 304, fn. 6.) "Possession may be shared with others." (*Sifuentes*, at p. 1417.)

"Possession of a weapon may be proven circumstantially, and possession for even a limited time and purpose may be sufficient." (*In re Daniel G.* (2004) 120 Cal.App.4th 824, 831.) "'Implicitly, the crime is committed the instant the felon in any way has a firearm within his control.'" (*Blakely, supra*, 225 Cal.App.4th at p. 1052.) "'The inference of dominion and control is easily made when the contraband is discovered in a place over which the defendant has general dominion and control: his residence [citation], his automobile [citation], or his personal effects [citation].'" (*People v. Busch* (2010) 187 Cal.App.4th 150, 162 (*Busch*).)

Here the evidence shows defendant had constructive possession of the rifle as he maintained his residence at the house where the rifle was found. Defendant's cellphone was registered at the address of the house and the keys recovered from defendant provided access to the entire house. Inside one bedroom, mail from the DMV and debit cards with defendant's name and the house's mailing address were found. Because these personal items linked defendant to the property, it can reasonably be inferred defendant maintained residence there. Accordingly, it can reasonably be inferred from the evidence of his residency that he exercised general dominion and control over items inside the property. (See *Busch, supra*, 187 Cal.App.4th at p. 162.)

Though the rifle was not found in defendant's bedroom, and it is likely another person resided at the house, the weapon was found in a common area, the garage. One can reasonably infer

defendant had dominion and control over this openly accessible area of the house. No evidence suggests defendant had restricted access and control over the common areas of the house. Although someone else *possibly* resided at the property,[2] possession may be shared with others. (See *Sifuentes, supra*, 195 Cal.App.4th at p. 1417.) There is no evidence another resident of the house had exclusive use of the garage. Also, the rifle was far from hidden—it was in plain view, placed next to the washing machine and dryer inside the garage, supplying no evidence someone else at the house exercised exclusive dominion and control over the rifle. Hence, it can reasonably be inferred defendant maintained dominion and control over the rifle inside the garage.

Further, the fact that defendant's fingerprints were not on the rifle does not preclude him from maintaining possession. One need only to knowingly maintain the *right* to control the firearm, directly or through another person. (*Sifuentes, supra*, 195 Cal.App.4th at p. 1417.) "A firearm can be under a person's dominion and control without it being available for use." (*Blakely, supra*, 225 Cal.App.4th at p. 1052.) "[A] convicted felon may be found to be a felon in possession of a firearm if he or she knowingly kept a firearm in a locked offsite storage unit even though he or she had no ready access to the firearm and, thus, was not armed with it." (*People v. White* (2014) 223 Cal.App.4th 512, 524.) "'[T]he crime is committed the instant the felon in any

---

[2]      No evidence was presented that another person resided at the property, only that one other person was seen helping defendant wash his car there, and who remained at the residence when defendant later drove away. There is no evidence the other person resided at or had any dominion and control as to the property.

way has a firearm within his control.'" (*Blakely, supra*, at
p. 1052.)

As discussed above, one can reasonably infer defendant had possession of the rifle because it was found in a common area at his residence, over which he had dominion and control. The rifle was in plain sight, not hidden, and could be readily accessed by defendant. There is no evidence defendant was excluded from the garage or was restricted from accessing the house's common areas. Nothing shows defendant ever relinquished his right to control the rifle or sought to disassociate himself from it. Thus, it can reasonably be inferred defendant knowingly maintained control over the rifle in the garage despite not physically placing the firearm there himself. Defendant's argument at best shows only the facts could be reconciled with contrary findings, which is insufficient to sustain his burden on appeal. (See *In re Charles G., supra*, 14 Cal.App.5th at p. 957.)

## C. *Defendant's reliance on* Sifuentes *and* In re I.A. *is misplaced*

Defendant asserts the decisions in *Sifuentes, supra*, 195 Cal.App.4th 1410 and *In re I.A.* (2020) 48 Cal.App.5th 767 demonstrate the doctrine of constructive possession is not applicable here. We find both cases to be distinguishable here.

### 1. *Sifuentes*

In *Sifuentes*, police investigated a motel where they learned the defendant, a convicted felon, had rented a room. (*Sifuentes, supra*, 195 Cal.App.4th at p. 1413.) When the police entered the room, the defendant laid on top of the bed nearest to the door. (*Id.* at pp. 1413–1414.) A fellow gang member of the defendant, who was also a convicted felon, near the second bed in the room. (*Id.* at p. 1414.) Two women were also in the room. (*Ibid.*) The police

found a loaded .40-caliber semiautomatic handgun under the mattress of the second bed. (*Ibid*.)

The gang expert testified how weapons, particularly guns, played a prominent role in gang subculture. (*Sifuentes, supra*, 195 Cal.App.4th at p. 1415.) According to the expert, a "gang gun" is a gun shared freely among gang members in criminal activities. (*Ibid*.) However, the expert admitted he had no information whether the defendant's colleague kept a gun for his gang. (*Id*. at p. 1416.) The expert conceded no direct evidence tied the gun in question to other gang members or showed the gang had even used it. (*Ibid*.)

The Court of Appeal concluded there was no substantial evidence showing the defendant had the right to control the firearm. (*Sifuentes, supra*, 195 Cal.App.4th at p. 1417.) The *Sifuentes* court observed the gang expert did not testify any gun possessed by a gang member automatically constituted a gang gun to be shared with all other members. (*Ibid*.) Moreover, the court indicated the expert did not testify all gang members had the right to control communal gang guns. (*Id*. at p. 1419.) The expert also had not linked the defendant to the particular firearm found near his associate. (*Ibid*.)

Unlike *Sifuentes*, here there is no evidence another resident in the house was in possession of the rifle. Rather, the rifle was kept in a common area openly accessible to anyone who resided at the property. There is no evidence defendant was excluded from or had no general right to access the garage. Unlike in *Sifuentes*, where the evidence showed another person kept exclusive possession of the firearm by hiding it under his mattress, the rifle here was not hidden (see *Sifuentes, supra*, 195 Cal.App.4th at pp. 1414, 1418–1419), and there is no evidence

another person had exclusive possession of the rifle in the garage, which was within defendant's dominion and control.

Further, the defendant in *Sifuentes* was lodging in a motel room with other people, one of whom occupied the room's second bed where he kept his gun. (*Sifuentes, supra*, 195 Cal.App.4th at pp. 1413–1414.) Hence, it could not be inferred that defendant had general access to the motel room, let alone the firearm his associate kept hidden under his mattress. This contrasts with the circumstances here where one can reasonably infer defendant had general dominion and control over the common areas of the house and no evidence another resident had exclusive access to the garage where the rifle was located. Accordingly, *Sifuentes* is inapposite to the analysis of possession in this case.

### 2. *In re I.A.*

In *In re I.A.*, the defendant and five of his friends were driving through rival gang territory (*In re I.A., supra*, 48 Cal.App.5th at p. 771), defendant and two others in one car, while the other three were in another car directly ahead of them. (*Ibid*.) When the front car stopped, one of the friends got out and shot and killed a man who was crossing. (*Ibid*.) The evidence tying the defendant to the firearm was he once touched it, he was in the car following the car the shooter was in, and he knew the shooter had the gun when it was used. (*Id*. at pp. 778–779.) The defendant's Facebook account showed he desired to purchase a gun and had a profile picture of him holding an assault rifle. (*Id*. at p. 779.) But there was no evidence the gun acquired was the one used in the shooting. (*Ibid*.)

The juvenile court nevertheless found the defendant constructively possessed the firearm used in the incident. (*In re I.A., supra*, 48 Cal.App.5th at pp. 773–774.) The Court of Appeal

10

reversed, finding the prosecutors failed to show the defendant exercised dominion and control over the gun. (*Id.* at p. 779.) The *In re I.A.* court noted the mere opportunity to access a gun and knowledge of a gun's presence, standing alone, are insufficient evidence of possession. (*Ibid.*)

*In re I.A.* is not dispositive here because there was no evidence in that case that the defendant ever had control or a right to control the specific gun used in the shooting. Instead he was in an entirely separate car from the shooter who had actual possession of the firearm throughout the incident. (*In re I.A., supra*, 48 Cal.App.5th at pp. 771–772.) Even though that defendant touched the gun once, there was no evidence that firearm was ever within the defendant's dominion and control. (*Id.* at pp. 778–779.)

The circumstances in *In re I.A.* directly contrast with those here. Unlike in *In re I.A.*, where the defendant only once touched the firearm, here defendant maintained residence at the location where the rifle was openly stored and had unrestricted access to it through his possession of the house keys. There is also no evidence anyone else here had exclusive control or the right to control the rifle in the garage. In *In re I.A.*, however, no evidence showed that defendant had any dominion and control over the front car or the items inside it. (*In re I.A., supra*, 48 Cal.App.5th at pp. 778–779.)

Defendant focuses on the fact there were no fingerprints or DNA evidence showing he had ever touched the rifle. However, this factor alone is not determinative. Indeed, the *In re I.A.* court did not conclude a lack of fingerprints or DNA evidence disproves possession. Instead, the court indicated the defendant once touched the gun used in the shooting, but there was no evidence

11

he had dominion and control over it. (*In re I.A., supra*, 48 Cal.App.5th at pp. 778–779.) As discussed above, one need only to knowingly maintain the right to control the firearm that can be exercised through another person or shared with others. (*Sifuentes, supra*, 195 Cal.App.4th at p. 1417.)

In short, substantial evidence shows defendant had constructive possession of the rifle located in plain sight in the garage, an area within defendant's dominion and control. Thus, substantial evidence supports defendant's conviction of unlawful possession of the rifle charged in count 6 under section 29800, subdivision (a)(1).

## DISPOSITION

The judgment is affirmed.

_____
CHAVEZ, J.

We concur:

_____
LUI, P. J.

_____
RICHARDSON, J.